**Mary Aileen Sarman STEPHANS, Special Administrator of the Estate of Elizabeth Schulz Rabe, Plaintiff,**

v.

**The TAHOE REGIONAL PLANNING AGENCY, Defendant.**

**No. CV–N–87–509–ECR.**

United States District Court,
D. Nevada.

Sept. 29, 1988.

Gary D. Woodbury, Elko, Nev., for plaintiff.

Marta Adams, Deputy Atty. Gen., Div. of Environmental Protection, Gary A. Owen, Carson City, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

The matter before the Court involves a challenge to the 1987 Amended Regional Plan adopted by the defendant Tahoe Regional Planning Agency (hereinafter, "TRPA"). TRPA is an organization designed to regulate and control development in the Lake Tahoe Basin, an area of 500 square miles renowned for its natural beauty. TRPA was created in 1969, through an interstate agreement between Nevada and California. This agreement is entitled the Tahoe Regional Planning Compact (hereinafter "Compact") and was approved by Congress pursuant to Article I, § 10, cl. 3 of the United States Constitution. Pub.L. No. 91–148, 83 Stat. 360 (1969); *amended by* Pub.L. 96–551, 94 Stat. 3233 (1980); *see also* Cal.Gov't.Code §§ 66800–01; NRS §§ 277.190–.200.

In 1980, California and Nevada extensively amended the Compact to impose numerous specific mandates on TRPA. Under Article V of the amended Compact, TRPA was instructed to develop "environmental threshold carrying capacities for the region" and to implement these environmental standards through zoning regulations and ordinances. TRPA first attempted to comply with these instructions through its 1984 Regional Plan, which met with widespread public and judicial disapproval. *See, e.g., California ex rel. Van de Kamp v. TRPA,* 766 F.2d 1308 (9th Cir.), *modified,* 766 F.2d 1319 (9th Cir.), *modified,* 775 F.2d 998 (9th Cir.1985). TRPA's second attempt at comprehensively regulating development is its 1987 Regional Plan, which went into effect on July 1, 1987. TRPA, Ordinance 87–9 (June 25, 1987).

The plaintiff in this case is the Special Administrator of the Estate of Elizabeth Schulz Rabe (hereinafter, "Plaintiff"). The crux of Plaintiff's complaint is that the 1987 Regional Plan adopted by TRPA rezoned a 16.68 parcel of land owned by Plaintiff. Plaintiff contends that prior to July 1, 1987, her land was zoned to permit commercial and gaming uses. Plaintiff also contends that TRPA's 1987 Regional Plan changed that zoning to permit only single-family residential use of her property.

Plaintiff's complaint sets forth four causes of action arising from these allegations: (1) that the rezoning constitutes a "taking" under the Fifth and Fourteenth Amendments of the United States Constitution and under Art. I, § 8 of the Nevada Constitution; (2) that the rezoning constitutes arbitrary and capricious "spot zoning;" (3) that the rezoning is "overbroad;" and (4) that TRPA's "acts, omissions, moritoriums [sic], rules, and regulations have effectively accomplished a total taking of [Plaintiff's] property since 1984."

This matter is now before the Court on TRPA's motion to dismiss the complaint. TRPA's arguments for dismissal repeatedly refer to accompanying affidavits and exhibits. To the extent that this Court considers such accompanying materials, TRPA's moving papers explicitly request this Court to treat its motion as one for summary judgment as authorized by Fed. R.Civ.P. 12(b). The Court has decided to treat TRPA's motion as one for summary judgment and finds that this treatment does not prejudice Plaintiff. TRPA's moving papers clearly notified Plaintiff that materials outside the pleadings were before the Court and that the Court might analyze TRPA's motion as one for summary judgment. This notice placed an affirmative obligation on Plaintiff to respond to TRPA's motion in a manner appropriate to opposing a motion for summary judgment. Plaintiff had more than an adequate opportunity to object to the consideration of matters outside the pleadings, to bring forward relevant factual materials of her own, or to request an opportunity to discover such materials. Thus, the explicit notice provided in TRPA's moving papers precludes Plaintiff from claiming that the Court's treatment of the motion as one for summary judgment is an unfair surprise. *See Condon v. Local 2944, United Steelworkers,* 683 F.2d 590, 593–94 (1st Cir.1982); *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan,* 662 F.2d 641, 644–

45 (9th Cir.1981), *cert. denied,* 469 U.S. 1229, 105 S.Ct. 1230, 84 L.Ed.2d 368 (1985).

## I. TAKING CLAIM

■ At the outset, it is important to clarify the nature of Plaintiff's claim that the rezoning constituted a "taking" of his property without just compensation. Since Congress consented to the Compact and its 1980 amendments, the interstate agreements embodied in these statutes are federal law. *California Tahoe Regional Planning Agency v. Jennings,* 594 F.2d 181, 190 (9th Cir.), *cert. denied* 444 U.S. 864, 100 S.Ct. 133, 62 L.Ed.2d 86 (1979); *Jacobson v. TRPA,* 566 F.2d 1353, 1358 (9th Cir.1977), *rev'd in part, aff'd in part sub nom. Lake County Estates, Inc. v. TRPA,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). As federal law, the 1987 Regional Plan adopted by TRPA preempts state law and state constitutional provisions. *Jacobson,* 566 F.2d at 1358. Thus, to the extent that Plaintiff's taking claim is based on the Nevada Constitution, rather than the United States Constitution, it is dismissed.

Since TRPA has moved for summary judgment against Plaintiff, this Court must view the alleged causes of action in the light most favorable to the Plaintiff. *Ashton v. Cory,* 780 F.2d 816, 818 (9th Cir. 1986). Viewed in such a light, Plaintiff's taking claim poses two distinct challenges to TRPA's 1987 Regional Plan. The first challenge is a "facial" attack. This attack alleges that the "mere enactment" of the zoning change constitutes a taking of Plaintiff's property. *See Lake Nacimiento Ranch Co. v. County of San Luis Obispo,* 841 F.2d 872, 877 (9th Cir.1987). The second challenge is an "as applied" attack. This challenge focuses on the actual manner in which the zoning change is applied to Plaintiff's property. *See id.* at 876.

### A. *Facial Challenge*

■ The standard for showing that a zoning restriction is facially invalid is very high. The party challenging the zoning must show either that (1) the restriction does not advance a legitimate state interest or (2) that it denies a property owner all economically viable use of his land. *Agins v. City of Tiburon,* 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980); *Lake Nacimiento Ranch,* 841 F.2d at 877.

On its face, TRPA's down-zoning of Plaintiff's property clearly serves a legitimate state interest. The purpose of TRPA's Regional Plan is to promote the wise use and conservation of the environmental resources of the Lake Tahoe area. *See League to Save Lake Tahoe v. TRPA,* 507 F.2d 517, 523–24 & n. 14 (9th Cir.1974), *cert. denied* 420 U.S. 974, 95 S.Ct. 1398, 43 L.Ed.2d 654 (1975). TRPA has presented uncontested factual evidence that the rezoning of Plaintiff's property was done in accordance with a comprehensive plan designed to effectuate this purpose. Hence, the rezoning serves a facially valid state interest.

Plaintiff also cannot establish that, on its face, the zoning change deprives her of all "economically viable use" of her property. The test for determining whether a development restriction denies such use focuses on the extent of the permitted uses. *Hodel v. Virginia Surface Mining & Reclamation Ass'n,* 452 U.S. 264, 295–96, 101 S.Ct. 2352, 2370–71, 69 L.Ed.2d 1 (1981); *Agins,* 447 U.S. at 262, 100 S.Ct. at 2142; *Lake Nacimiento Ranch,* 841 F.2d at 877. Both the United States Supreme Court and the Ninth Circuit have ruled that where a zoning restriction permits a property owner to use his land for single-family residences, that restriction does not deprive the owner of all economically viable use. *See Agins,* 447 U.S. at 262–63, 100 S.Ct. at 2142–43; *Lake Nacimiento Ranch,* 841 F.2d at 877 & n. 3. Since Plaintiff admits that TRPA's 1987 Regional Plan rezones her land as single-family residential, she has not been deprived of all reasonable economic use of her property.

Thus, Plaintiff's facial attack on TRPA's rezoning must be dismissed.

### B. *"As Applied" Challenge*

■ For wholly different reasons, Plaintiff's "as applied" taking claim must also be dismissed at this juncture. In order for an "as applied" taking claim to be ripe for

judicial adjudication, the plaintiff must be able to demonstrate how, in actual fact, the zoning restriction at issue affects his property. For such a showing to be possible, the zoning agency must have made "a *final and authoritative* determination of the type and intensity of development legally permitted on the subject property." *MacDonald, Sommer & Frates v. Yolo County,* 477 U.S. 340, 348, 106 S.Ct. 2561, 2566, 91 L.Ed.2d 285 (1986) (emphasis added); *see also Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 186–90, 105 S.Ct. 3108, 3116–18, 87 L.Ed.2d 126 (1985). The very nature of a taking claim dictates that the plaintiff obtain a final administrative decision regarding the extent to which he may utilize his property. Such a final decision is essential because in determining whether an actual taking has occurred, the key inquiry involves the scope and type of land uses permitted the plaintiff. *See Williamson County,* 473 U.S. at 199–200, 105 S.Ct. at 3123–24; *Agins,* 447 U.S. at 260–61, 100 S.Ct. at 2141–42.

■ Plaintiff contends that TRPA has made a final decision regarding her property because it has adopted and put into effect a regional plan that rezones her land. The Supreme Court, the Ninth Circuit, and this Court all have held, however, that the mere adoption of a zoning plan is not a final administrative determination of the uses permitted on a given parcel of land. In *Williamson County,* the Supreme Court ruled that a taking claim[1] was not ripe because the plaintiff bank had failed to seek a variance from the applicable zoning ordinance. *Williamson County,* 473 U.S. at 193–94, 105 S.Ct. at 3120–21. Similarly, in *Lake Nacimiento Ranch,* the Ninth Circuit held a taking claim not to be ripe where the plaintiff ranch failed to formally request an amendment to the zoning plan at issue. *Lake Nacimiento Ranch,* 841 F.2d at 876–77.

Furthermore, this Court recently found that a taking claim was not ripe under circumstances quite similar to the ones at bar. In *Tahoe–Sierra Preservation Council v. TRPA,* 638 F.Supp. 126 (D.Nev.1986), *appeal pending,* No. 86–2266 (9th Cir.), the plaintiffs claimed that TRPA's 1984 Regional Plan effected a taking of their property without just compensation. This Court granted TRPA summary judgment on the ground that the plaintiffs' complaint was not yet ripe. This Court emphasized that even after the 1984 Regional Plan went into effect, TRPA provided the plaintiffs with numerous procedures for changing the impact of the Plan on their specific parcels of land. For instance, the plaintiffs could have applied for special development permits or they could have requested TRPA to reclassify their parcels to less regulated land classifications. The plaintiffs also might have been able to acquire, use, and transfer certain development rights provided by the 1984 Regional Plan. *Id.* at 132–33. Due to the existence of these administrative options, this Court dismissed the plaintiffs' complaint as premature.

■ Plaintiff in the case at bar has failed to pursue administrative avenues much like the options found to be dispositive in *Lake Nacimiento Ranch* and *Tahoe–Sierra Preservation Council.* Under Article V(a) of the Compact, Plaintiff can request an amendment of any zoning provision in the 1987 Regional Plan that affects her property. The governing body of the TRPA must respond to such a request within 180 days of the date on which it is filed. *See* Cal.Gov't Code § 66801, Article V(a)(2); NRS § 277.200, Article V(a) (2). Plaintiff is also entitled to seek an amendment of the 1987 Regional Plan through a field-study based reclassification of the land capability of her property. TRPA, Ordinance 20.2.6(4)(d) (May 27, 1987). An amendment to the regional plan through either avenue might permit Plaintiff to use

---

1. The *Williamson County* Court ruled that the ripeness requirement applies with equal force regardless of whether the plaintiff designates his claim to be a taking claim, a 42 U.S.C. § 1983 action, or a due process violation. *Williamson County,* 473 U.S. at 192–94, 199–200, 105 S.Ct. at 3119–21, 3123–24. Thus, Plaintiff's various descriptions of his chameleon-like claims does not alter his need to show a final determination by TRPA.

her property for purposes other than a single family residence. Furthermore, Plaintiff in the instant case has also failed to explore her options in regard to the acquisition and transfer of development rights. TRPA, Ordinance 34.2–34.3 (May 27, 1987). Since the uncontested facts reveal that TRPA has not made a final determination of the uses permissible on Plaintiff's property, this Court dismisses Plaintiff's "as applied" taking claim as premature.[2]

■ In dismissing Plaintiff's taking claim as unripe, this Court adds a word of caution. This decision should not be misinterpreted as requiring Plaintiff to exhaust every possible administrative avenue of relief. Such a requirement would unfairly force Plaintiff and others like her to repeatedly navigate through a procedural labyrinth of TRPA ordinances. Instead, to determine the administrative finality of a zoning regulation as applied to a given parcel of land, plaintiffs must make *"at least one* meaningful application" for a reasonable development project. *Kinzli v. City of Santa Cruz,* 818 F.2d 1449, 1454–55 (9th Cir.) (emphasis in original), *modified,* 830 F.2d 968 (9th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 775, 98 L.Ed. 2d 861 (1988); *see also Lake Nacimiento Ranch,* 841 F.2d at 876–77. Plaintiff in the instant case has not yet made a meaningful application to the TRPA for relief from the rezoning of her property and, therefore, her taking claim is unripe.

## II. OVERBROAD ZONING & SPOT ZONING CLAIMS

Plaintiff's claims that TRPA's rezoning is overbroad and constitutes spot zoning must also be dismissed as premature. The rationale for dismissing these claims is the same as in the context of Plaintiff's "as applied" taking claim. Without a final decision by TRPA regarding the uses permitted on Plaintiff's property, neither this Court nor any other can adequately review Plaintiff's claims. Since the precise zoning restrictions applicable to Plaintiff's land are unknown until TRPA makes a final determination, it is impossible to assess whether these unknown restrictions are overbroad or constitute spot zoning. *Cf. Williamson County,* 473 U.S. at 199–200, 105 S.Ct. at 3123–24 (finding petitioner's due process claim premature where it was based on same facts as petitioner's unripe taking claim); *Bernstein v. Holland,* 657 F.Supp. 233, 235 (M.D.Ga.1987) (holding that plaintiff's claim of arbitrary and capricious zoning was premature where plaintiff had failed to first seek administrative remedies).

Accordingly, Plaintiff's claims of overbroad zoning and spot zoning must be dismissed as unripe at this time.[3]

## III. INTERIM TAKING CLAIM

■ Plaintiff's fourth and final cause of action alleges that TRPA effectively accomplished a "total taking" of her property since 1984 through its "acts, omissions, moritoriums [sic], rules, and regulations." To the extent that this cause of action alleges a taking after the effective date of TRPA's 1987 Regional Plan, it must be dismissed as premature.[4] *See* Section I(B), *supra.* To the extent that it claims a tak-

---

**2.** The Compact's statute of limitations provides that "legal action arising out of the adoption or amendment of the regional plan ... shall be commenced within 60 days after final action by the agency." Compact, Article VI(j)(4); Cal. Gov't Code § 66801, Article VI(j)(4); NRS § 277.200, Article VI(j)(4). Since this Court finds that the TRPA has not yet taken *"final* action" with respect to Plaintiff's property, Plaintiff's taking claim is not barred by the Compact's statute of limitations. Hence, if Plaintiff is unable to gain redress through TRPA's administrative avenues, she then may pursue her taking claim through a ripe and timely complaint.

**3.** Once again, since this Court finds that TRPA has not taken final action with respect to zoning Plaintiff's property, these claims are not barred by the Compact's 60–day statute of limitations. *See* n. 2, *supra.*

**4.** Plaintiff must first use the administrative avenues previously described in this order to seek relief from any TRPA policies that went into effect or remained in effect after the adoption of the 1987 Regional Plan.

ing between 1984 and the effective date of TRPA's 1987 Regional Plan, however, it is ripe for adjudication. This interim taking claim is ripe for adjudication because the acts and omissions of TRPA for this time period are final and TRPA provides no administrative procedures for securing retroactive relief or compensation.

While this claim is ripe, it cannot survive TRPA's motion for summary judgment. Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment has the initial burden of establishing that there is no genuine issue of material fact. If this burden is met, the opposing party must set forth specific facts showing that there is a genuine and material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Where the opposing party has the burden of proof at trial, he must make a sufficient showing of the essential elements of his claim so that a reasonable jury could return a verdict in his favor. *Id.; see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Lake Nacimiento Ranch,* 841 F.2d at 876.

TRPA has satisfied its initial burden of establishing the absence of a genuine issue of material fact regarding Plaintiff's interim taking claim. TRPA contends that its only moratorium on development ended in late November of 1983 and that between 1984 and the adoption of its 1987 Regional Plan, none of its policies constituted a tak-

ing of Plaintiff's property. Plaintiff has failed to set forth any specific facts which, if proven, would rebut these contentions.

Plaintiff asserts that TRPA's 1983 moratorium on development was still in effect in September of 1984. The express terms of this moratorium, however, state that it shall expire 90 days after August 27, 1983. TRPA, Resolution 83–21 (Aug. 26, 1983). Plaintiff has not produced any evidence that the moratorium effectively continued into 1984. Nor has Plaintiff alleged that discovery would enable her to locate such evidence.

Plaintiff also asserts that this Court must assume the existence of "acts, omissions, moritoriums [sic], rules, and regulations" that constituted a taking of Plaintiff's property. While such an assumption might be warranted on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), it is completely inappropriate on a motion for summary judgment pursuant to Fed.R.Civ.P. 56. In opposing TRPA's motion for summary judgment, Plaintiff has the burden of setting forth "specific facts showing that there is a genuine issue for trial." *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)). Plaintiff has failed to meet this burden.

Plaintiff has not indicated any factual basis on which a reasonable jury could find that TRPA's "acts, omissions, moritoriums [sic], rules, and regulations" constituted a taking of her property since 1984. Consequently, summary judgment shall be entered in favor of TRPA as to Plaintiff's claim of an interim taking.

## IV. CONCLUSION [5]

Plaintiff's claims that TRPA's 1987 rezoning of her land constituted a taking, spot zoning, and overbroad zoning are dis-

---

5. In light of this disposition, the Court does not reach two important issues argued by the parties. It does not decide whether monetary damages are available where a government agency lacking the power of eminent domain commits a regulatory taking of private property. *Compare First English Evangelical Lutheran Church v. Los Angeles County,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987) *with Jacobson v. TRPA,* 566 F.2d 1353 (9th Cir.1988), *aff'd in part, rev'd in part sub nom. Lake County Es-*

*tates v. TRPA,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979) *and Tahoe-Sierra Preservation Council v. TRPA,* 611 F.Supp. 110, 116–17 (D.Nev.1985), *appeal pending,* No. 86–2266 (9th Cir.). The Court also does not assess the constitutionality of the Compact's 60–day statute of limitations for the bringing of claims arising from final actions taken by TRPA. Both of these matters are significant legal issues which should not be decided on an advisory basis.

missed as premature. This dismissal is on jurisdictional grounds and does not bar Plaintiff from refiling these claims if they should ripen at a later date. *See Kinzli*, 818 F.2d at 1457.

Plaintiff's claim that TRPA's policies caused a total taking of her property between 1984 and 1987 is dismissed because Plaintiff has failed to set forth facts on which a reasonable jury could return a verdict in her favor. Plaintiff is barred from relitigating this claim by the doctrine of *res judicata. See Jackson v. Hayakawa*, 605 F.2d 1121, 1125–26 & n. 3 (9th Cir.1979), *cert. denied*, 445 U.S. 952, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980).

IT IS, THEREFORE, HEREBY ORDERED that TRPA's Motion to Dismiss/Motion for Summary Judgment (docket # 14) is *GRANTED*. The Clerk shall enter judgment accordingly.