Stephen BOURNE, Plaintiff,

v.

TAHOE REGIONAL PLANNING AGENCY, and Does 1–50, inclusive, Defendants.

No. CV–N–91–598–ECR.

United States District Court, D. Nevada.

July 14, 1993.

As Amended July 20, 1993 and Sept. 2, 1993.

Ron Alling, Rick Oshinski, Stateline, NV, for plaintiff.

Jeffrey S. Blanck, Susan E. Scholley, Tahoe Regional Planning Agency, Zephyr Cove, NV, Gary A. Owen, Crowell, Susich, Owen & Tackes, Carson City, NV, for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

This case involves the Elks Point Tennis Club, located in Douglas County, Nevada.

The project on the property at issue was approved by Tahoe Regional Planning Association in 1984. In 1988 the developer of the project filed a "banking" application (an application to hold in abeyance certain aspects of the project) with TRPA after receiving assurances from various staff in the TRPA that such an application would be granted. In 1991 The TRPA made an administrative decision to deny the developer's application to "bank" certain aspects of the project. Concurrently with this denial, the TRPA made an administrative determination that the original permit for development expired under Article VI(p) of the Tahoe Regional Planning Compact. Pub.L. 91–148, 83 Stat. 360 *amended,* Pub.L. 96–551, 94 Stat. 3233; N.R.S. 277.200; Cal.Gov.Code Section 66801 (provision requiring that all development of property be "pursued with diligence").

This decision was affirmed on appeal by the TRPA's Governing Board on September 25, 1991. Plaintiff, the developer of the property, then filed a complaint alleging: 1) TRPA's administrative proceedings and determination of lack of diligent pursuit constituted a taking of Bourne's property without due process of law in violation of Article 1, Section 8, of the Nevada Constitution and the 14th Amendment of the United States Constitution; 2) Retrospective application of the Compact and the TRPA Code of Ordinances deprived Bourne of due process and equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution; 3) TRPA's actions were "arbitrary," capricious and contrary to law such as to violate Bourne's right to due process of the law; 4) the TRPA permit issued in 1984 to Bourne formed a contract; 5) TRPA was estopped to declare the permit for the project had expired because of written and oral material representations to Bourne; 6) Declaratory relief based upon the prior claims; and 7) Bourne was prejudiced by TRPA's improperly processing his banking application.

Bourne seeks damages in excess of $10,-000.00, a declaration that Bourne's permit remains valid and current, a declaration vacating TRPA's denial of Bourne's "banking" application and a declaration and order man-

dating TRPA to grant that application. Defendants have moved for summary judgment in this matter (document # 21) and plaintiff has responded (document # 23). No reply was filed and the issue is ripe for this Court's review.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.,* 521 F.2d 1129 (9th Cir.), *cert. denied,* 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). The moving party is entitled to summary judgment as a matter of law where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute. Fed. R.Civ.P. 56(c); *Semegen v. Weidner,* 780 F.2d 727 (9th Cir.1985). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang,* 711 F.2d 141 (9th Cir.1983).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson, supra.* As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248, 106 S.Ct. at 2510. Where there is a complete failure of proof concerning an

essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex, supra.*

Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.* When faced with a motion for summary judgment, the material before the court "must be viewed in the light most favorable to the [non-moving] party." *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

### A. Statute of Limitations

The first issue to be addressed in this matter is the statute of limitations. Defendants contend that Plaintiff's complaint is barred by the statute of limitations articulated in Article VI(j)(4) of the Compact. It is undisputed that the complaint was filed 63 days after TRPA's final determination regarding the expiration of the original permit. Article VI(j)(4) provides:

> A legal action arising ... out of the granting or denial of any permit, shall be commenced within sixty days after final action by the Agency. All other legal actions shall be commenced within sixty-five days after discovery of the cause of action.

While the statute of limitations should be respected in some instances, *see Tahoe–Sierra Preservation Coun. v. Planning Agency,* 808 F.Supp. 1474, 1479–1480 (D.Nev.1992) it is not an issue in this matter. Because the present legal action does not arise from the "granting or denial of any permit," Bourne was not required to commence this action within sixty days after the September 25, 1991 TRPA hearing. The present action clearly falls within the "all other legal actions" portion of the Compact and was timely commenced.

---

1. This Court reads Plaintiff's complaint and opposition to defendants summary judgment motion as alleging only substantive due process violations. To the extent the first claim for relief alleges a violation of procedural due process, the claim is denied. It is established that when a government-created property interest is at stake,

### B. Due Process

■ With regard to plaintiff's allegation of due process violations a question remains as to whether or not TRPA has demonstrated that its denial of Bourne's banking application and determination that his permit had expired was rationally related to a legitimate state interest.[1] In order to withstand a constitutional challenge, the Agency's decision must bear a rational relationship to a legitimate state interest. *Nelson v. City of Selma,* 881 F.2d 836, 839 (9th Cir.1989). There is no question the TRPA's mandate under the Compact to protect Lake Tahoe and its environs is a legitimate governmental pursuit. *See, e.g. Stephans v. Tahoe Regional Planning Agency,* 697 F.Supp. 1149, 1152 (D.Nev.1988). In addition there is no quarrel over the rationality of the relationship between the legitimate interest in protecting Lake Tahoe and Article VI(p) of the Compact; however, TRPA's implementation thereof with respect to Bourne's project is a distinct issue. TRPA has not argued that its decisions to deny the banking application and expire the original development permit have any relationship to any legitimate interest. All TRPA actions will not be upheld merely because the Compact itself is valid legislation. Unlike *Carpenter v. Tahoe Regional Planning Agency,* 804 F.Supp. 1316 (D.Nev. 1992) where plaintiff brought a due process challenge to the TRPA ordinances themselves, in this matter plaintiff challenges TRPA's actions under the Compact. In *Nelson v. City of Selma, supra* plaintiff challenged a city's denial of an application to rezone property from low density to high density. The court held that a rational relationship existed between denial of plaintiff's application and the legitimate governmental interest of preserving the character of single family neighborhoods. In this matter, TRPA has not articulated how its actions in denying Bourne's banking application and deeming his permit expired have any relationship to any legitimate governmental interest.

---

due process requires notice and opportunity to respond before termination of that interest. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). Plaintiff was not denied the procedures due in this matter.

TRPA has not set forth what standards are applicable to banking applications. As to what discernable standards in connection with banking that did exist—Bourne complied. Bourne followed the instructions of the TRPA in connection with filing a re-vegetation plan (in order to qualify for banking) and, pursuant to the TRPA banking policy statement issued by TRPA legitimately believed he was entitled to bank his proposed development. In addition, the evidence shows that Bourne did pursue development under his original permit. Expenditures have been made each year since 1984, the most significant being for architectural consultation. Defendants choose to ignore these expenditures in their motion for summary judgment. Under the requirements of Bourne's permit, such expenditures could reasonably be considered as complying with the diligent pursuit of development requirement. *See Bateson v. Geisse,* 857 F.2d 1300 (9th Cir.1988) (court held that property owners due process rights were violated when, after he satisfied the requirements for issuance of a permit, a city council withheld the permit in violation of the city's regulations specifically providing that the city must issue a permit to an applicant who has satisfied certain requirements).

■ With regard to TRPA's retrospective application of Chapter 4 of the TRPA Code a genuine issue of fact remains. Article VI(p) of the Compact provided that construction must begin within three years after the date of final action by the Agency and diligently pursued thereafter. One of the conditions to Bourne's permit contained the same language. However, "diligent pursuit" was never defined. Three years after Bourne's permit was issued, the TRPA adopted code § 4.12.C(2) defining diligent pursuit as "reasonable on-site progress toward completion of the project each building season." While such a definition may be reasonable it is not "virtually explicit" in Compact Article VI(p) as defendants argue. However, this was the definition employed by TRPA at the hearing on Bourne's appeal.

Whether or not retroactive application of a statute is appropriate is an issue yet to be reconciled in the courts. Compare *Bowen v.*

*Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988); *United States v. Rewald,* 835 F.2d 215 (9th Cir.1987) (Retroactivity is not favored in the law. Thus congressional enactment and administrative rules will not be construed to have retroactive effect unless their language requires that result.) with *Bradley v. Richmond Sch. Bd.,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Gonzalez v. Aloha Airlines, Inc.,* 940 F.2d 1312, 1316 (9th Cir. 1991) (a court is to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary). In this matter, retroactive application of § 4.12.C(2) would be inappropriate. This Court declines to recognize the definition articulated in § 4.12.C(2) as merely a clarification of existing law. Code § 4.12.-C(2) presents a completely new standard. TRPA has not demonstrated that the "on-site progress" requirement contained in TRPA Code § 4.12.C(2) which was the issue the staff presented to the TRPA Board, clarified or embodied any existing law. Nor is it unreasonable for plaintiff to believe, under the requirements of his permit that the steps taken toward development, although not primarily "on-site" did qualify as "diligent pursuit" of development.

### C. Substantial Evidence

With regard to whether or not the evidence was substantial in support of TRPA's actions, a genuine issue of material fact remains. Article VI(j)(5) of the Compact provides in relevant part:

In any legal action filed pursuant to this subdivision which challenges an adjudicatory act or decision of the Agency to approve or disapprove a project, the scope of judicial inquiry shall extend only to whether there was prejudicial abuse of discretion. Prejudicial abuse of discretion is established if the Agency has not proceeded in a manner reburied by law or if the act or decision of the Agency was not supported by substantial evidence in light of the whole record. In making such determination, the court shall not exercise its independent judgment on evidence, but shall

only determine whether the act or decision was supported by substantial evidence in light of the whole record.

■ Substantial evidence has been defined as such evidence "as a reasonable mind might accept as adequate to support a conclusion." *Berroteran–Melendez v. I.N.S.*, 955 F.2d 1251, 1255–1256 (9th Cir.1992). Moreover, the substantial evidence standard of review must be searching and careful, subjecting the agency's decision to close judicial scrutiny. *Containerfreight Corp. v. U.S.*, 752 F.2d 419, 422 (9th Cir.1985). The substantial evidence standard requires the court to review the record as a whole, weighing both evidence that supports and detracts from the agency decision; the court must not merely look at evidence which supports the agency's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir.1989); *Mendenhall v. U.S.*, 556 F.Supp. 444, 449 (D.Nev.1982), affirmed 735 F.2d 1371 (9th Cir.1984), *cert. den.*, 469 U.S. 1209, 105 S.Ct. 1175, 84 L.Ed.2d 324 (1985).

■ An agency's decision must state with sufficient particularity and clarity the reasons on which it is based. *Castillo v. INS*, 951 F.2d 1117, 1121 (9th Cir.1991). An agency must support its decision by pointing to substantial evidence on the record.

■ In the present action, TRPA's denial of Bourne's banking application and deeming his permit expired were not supported by substantial evidence. The TRPA has issued no written opinion. The TRPA has completely disregarded the evidence presented by Bourne of his expenditures in excess of $500,000.00 on the projects as well as evidence of costs incurred and construction performed each year from the commencement of construction in 1984. TRPA's staff memorandum advised the governing board that the issue was whether Bourne has diligently pursued his project in accordance with TRPA Code § 4.12.C(2) which code section was adopted three years following the issuance of Bourne's permit and embodied no existing law. Moreover, TRPA has failed to provide any standards for consideration of banking applications.

### D. Contract Claim

With regard to Bourne's contract claim, the Court understands Bourne's claim as an attempt to enforce the obligations under the permit and the Compact. Bourne does not seek to enforce the subject agreement so as to require TRPA to withhold enforcement of the Tahoe Regional Planning Compact. It has already been determined that whether or not Bourne has complied with all the terms of the Compact, in commencing construction and pursuing the project as required by his permit and whether or not TRPA had an obligation to grant his banking application, are issues for trial.

■ To the extent that Bourne is claiming that contractual obligations exist beyond upholding the law of the Compact, this claim must be dismissed. "No contractual obligation may be enforced against a public agency unless it is apparent the agency was authorized by the Constitution or statute to incur the obligation; a contract entered into by a governmental entity without the requisite constitutional or statutory authority is void and unenforceable." *Miller v. Rowland*, 999 F.2d 389 (9th Cir.1993). It is well settled that a contract in derogation of a municipality's governmental functions is invalid, for government cannot by contract or other wise bind itself to restrict the free exercise of its powers. *Joleewu Limited v. City of Austin*, 916 F.2d 250, 255 (5th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1683, 114 L.Ed.2d 78 (1991), *partially vacated on other grounds*, 934 F.2d 621 (5th Cir.1991).

### E. Estoppel

■ With regard to Bourne's estoppel claim against TRPA, the Court finds that a genuine issue of material fact exists. The requisites of equitable estoppel have been outlined in a relatively recent decision by this Court. In *Sederquist v. Tahoe Regional Planning Agency*, 652 F.Supp. 341, 346–347 (D.Nev.1987) the court discussed the four requisites of equitable estoppel: 1) the party to be estopped must know the facts; 2) that party must intend its conduct to be acted upon, or must so act so that the party asserting estoppel has a right to believe is so intended; 3) the party claiming estoppel

must be ignorant of the facts; and 4) that party must rely to his or her injury on the conduct of the party to be estopped. Apart from proving the four traditional elements, a party asserting estoppel against the government must also show: 1) that the government's actions amounted to affirmative misconduct, something more than negligence or a mere failure to act; and 2) that the government's allegedly wrongful conduct threatened to work a serious injustice and the public's interest would not be unduly damaged by imposition of estoppel. *Id.*, at 346–347.

The cases where estoppel claims have been denied are distinguishable from the case at hand. In *Sederquist supra* the court denied plaintiff's estoppel claim where it involved an Agency's omissions as opposed to the affirmative misconduct, in the instant case where TRPA's agents gave repeated assurances and even issued a written policy statement in 1987 to the effect that projects had an "entitlement" to be banked. In *S & M Inv. v. TRPA,* 911 F.2d 324 (9th Cir.1990), cert. den., 498 U.S. 1087, 111 S.Ct. 963, 112 L.Ed.2d 1050 (1991) the court held that the TRPA was not estopped from contending a building permit had expired on the basis of *ONE* oral misstatement by a low level staff member who provided erroneous information to the plaintiff as to the expiration date of its permit. The court stated that oral information is less likely than written to rise to the requisite level of affirmative misconduct. *Id.* at 329. The court further distinguished the one misstatement present in that case from "ongoing active misrepresentations" or a "pervasive pattern of false promises." *Id.*

The facts in this case show that repeated assurances were given, both oral and written by high level TRPA staff members, including its executive director and staff attorney to the effect that Bourne would be entitled to bank his project. Whether or not Bourne was ignorant of the facts, because he clearly was aware of Article VI(p) of the Compact and condition Number 13 of his permit enforcing said provision, has already been established as an issue for trial. Bourne could not have guessed what standard TRPA would have applied as to his banking application and expiration of his per-

mit until the September 25, 1991 hearing on his appeal at which time the TRPA staff memo finally set forth the standard to which it was going to apply to Bourne, even at the hearing, standards applicable to Bourne's banking application were never addressed. TRPA's policy regarding banking was not even in existence until October, 1987. Furthermore, the definition of diligent pursuit was never made clear to Bourne. Thus because TRPA's banking policy was novel as of 1987, there were no facts, statutes or regulations which Bourne could be charged with knowledge of, and he had no alternative but to rely on TRPA's representations as to how his banking application would be handled.

## F. Delay in Processing

Finally, the evidence submitted to this Court shows that Bourne may have been prejudiced by TRPA's improperly processing his banking application. TRPA requested no information from Bourne regarding his banking application for some seven months after the application was filed. Detailed information had been previously submitted and further information was submitted, yet TRPA continued to request information, including information from the year 1989 which could not have had any bearing on Bourne's banking application file in October, 1988. Bourne legitimately thought he was working amicably with TRPA personnel, none of whom gave any indication that he may be misled by their instructions. The delay in the processing the application led to the Governing Board considering photos of the project taken three years after Bourne had filed the banking application and resulted in the passage of nine years from the date the other project was approved. Such a delay clearly could create an unduly prejudicial and damaging perspective for the Board when considering the banking application and the original development permit.

## G. Conclusion

Although the Tahoe Regional Planning Compact itself bears a rational relationship to the protection of the Lake Tahoe basin, in viewing the facts in the light most favorable to the plaintiff in this matter it cannot be

determined as a matter of law that TRPA's actions in this instance were lawful. TRPA has not articulated why its actions in denying Bourne's banking application and deeming his permit expired have any relationship to any legitimate state interest.

IT IS, THEREFORE, HEREBY ORDERED that TRPA's Motion for Summary Judgment (document # 21) is DENIED.