**LO-VACA GATHERING COMPANY, Appellant,**

v.

**Edward O. GARDNER et ux. and Blanche O'Meara Hamilton Eubank, Appellees.**

**Nos. 15993, 16020.**

Court of Civil Appeals of Texas, San Antonio.

May 10, 1978.

Rehearing Denied June 7, 1978.

J. Clifford Gunter, III, Jim L. Flegle, Robert B. Watts, Houston, for appellant.

Petry & Petry, Carrizo Springs, for appellees.

MURRAY, Justice.

Lo-Vaca Gathering Company instituted two condemnation proceedings on October 26, 1977, under authority of Tex.Rev.Civ. Stat.Ann. art. 1436 (1962), and Tex.Bus. Corp.Act Ann. art. 2.01 B(3)(b) (1956). These statutes vest in Lo-Vaca the power of eminent domain for the purpose of constructing pipelines for the transportation of oil, gas and other minerals in the State of Texas. The two condemnation suits were filed with the judge of the 49th Judicial District of Dimmit County, Texas, under authority of Tex.Rev.Civ.Stat.Ann. art. 3266a, § 2 (Supp.1978), which provides:

> In all counties in which there is no county court at law with jurisdiction of eminent domain cases, the party desiring to initiate condemnation proceedings shall file its petition with the district judge; and objections to the award of the special commissioners shall be filed in the district court.

Three special commissioners were duly appointed in each case and a hearing date was set for November 15, 1977. One day before the special commissioners' hearing, the landowners filed pleas to the jurisdiction and an application for temporary restraining order in the district court. A hearing was scheduled for November 22, 1977. At the conclusion of this hearing, the district court entered an order dismissing the special commissioners theretofore appointed and dismissed Lo-Vaca's cause of action and ordered that it be removed from the docket of the court. Lo-Vaca has timely perfected an appeal from such order to this Court. We reverse and remand.

Lo-Vaca contends in its first point of error that the district court lacked jurisdiction to grant a temporary injunction or dismiss the consolidated cases before the special commissioners had conducted a hearing or entered an order. We agree.

The landowners do not attack the legality of the petition filed nor the jurisdiction of the judgment of the 49th District Court to appoint special commissioners, or for the condemnation proceedings to be carried out as provided by statute. Their only contention in their plea to the jurisdiction and application for temporary restraining order is that no necessity exists for the taking of their property.

**368**

It is well established that up to and including the award of special commissioners, the condemnation proceeding is an administrative and not a judicial proceeding. *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935 (1958); *Lower Nueces River Water Supply District v. Cartwright,* 160 Tex. 239, 328 S.W.2d 752 (1959); *McInnis v. Brown County Water Improvement District No. 1,* 41 S.W.2d 741 (Tex.Civ.App.—Austin 1931, writ ref'd).

The landowners contend that Lo-Vaca owns other lands in the vicinity sufficient for their needs and, since this is so, the district judge had no power to appoint special commissioners and the entire condemnation proceedings were void. This contention may and should be considered by the district court in an appeal from the award of the special commissioners. We think this issue has been conclusively decided by the Texas Supreme Court in *Tonahill v. Gulf States Utilities Company,* 446 S.W.2d 301 (Tex.1969). In *Tonahill,* the condemnor instituted a condemnation proceeding in the county court and special commissioners were appointed and qualified and the parties were notified of the time and place of the special commissioners' hearing. The condemnee then sued in the district court for a temporary injunction restraining the condemnor and the special commissioners from hearing or determining any issue in the condemnation proceedings because the description of the property was legally insufficient. The district court granted a temporary injunction and the court of civil appeals dissolved the injunction and ordered the case dismissed. In a per curiam opinion, the Supreme Court affirmed the dissolution of the injunction, stating:

> The right of appeal affords petitioner an adequate remedy for anything that may occur in the condemnation proceedings up to and including the award of the special commissioners. There was no occasion then for the district court to enjoin the proceedings, and the temporary injunction was properly dissolved by the Court of Civil Appeals.

That there is no necessity for the taking is an issue that may and should be considered and decided by the district court in the event of an appeal from the award of the special commissioners. The special commissioners are not authorized to pass on such questions and the only question before the special commissioners concerns damages. Tex.Rev.Civ.Stat.Ann. art. 3265 (1968).

Our holding on the above point makes it unnecessary to discuss other questions raised in the brief filed by Lo-Vaca, and our action in this case is without prejudice to the landowners' right to seek relief in the district court in the event of an attempt to enter upon or damage their lands under the colorable authority of a void condemnation proceeding.

The orders of the trial court in *Lo-Vaca Gathering Company v. Blanche Eubank,* Cause No. 5220, and *Lo-Vaca Gathering Company v. Edward O. Gardner,* Cause No. 5221, in the District Court of Dimmit County, Texas, 49th Judicial District, are reversed and vacated and these causes remanded for further proceedings prescribed by the appropriate condemnation statute.