

# The Attorney General of Texas

August 31, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

901 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George J. Filley, III
Criminal District Attorney
Victoria County Courthouse
Room 341
Victoria, Texas    77901

Opinion No. JM-198

Re:  Whether  certain  payments
to a district attorney for work
rendered in his private capacity
are proper

Dear Mr. Filley:

You advise us that the commissioners court of Victoria County
authorized a former criminal district attorney of that county to
perform legal services in his private capacity in connection with
certain condemnation matters. You inquire as to the propriety of
payments made from the county's road right-of-way fund to the criminal
district attorney in addition to the regularly budgeted county salary
paid him for the performance of his statutorily required duties. The
legal services described to us were performed in condemnations that
resulted in acceptance of the award of the special commissioners.

The additional payments were paid to him in his capacity as a
private attorney and for services rendered "on county time." You also
inquire as to the county's remedy if the payments were improper. We
conclude that the county's contract with the criminal district
attorney and the payment for legal services in the condemnation
matters were not improper.

In Victoria County, the criminal district attorney serves as both
county attorney and district attorney. V.T.C.S. art. 326k-59. A
county commissioners court has authority to retain private counsel in
the prosecution of civil suits involving county matters and may employ
the county attorney to represent the county in any civil matter where
such representation is not prohibited by law. See Lattimore v.
Tarrant County, 124 S.W. 205 (Tex. Civ. App. – Fort Worth 1909, no
writ); Attorney General Opinion O-1040 (1939). Generally, a county
attorney is not required by law to represent the county in condemna-
tion proceedings filed by the county in the name of the county or the
state and may contract with the commissioners court to perform such
legal service. See Attorney General Opinions WW-929 (1960); O-1164
(1940); O-1040 (1939). Article 6674w-3, section 1(b), V.T.C.S., pro-
vides that the county attorney or criminal district attorney has the
duty to prosecute a condemnation suit brought by the State Highway

Commission in the name of the state to acquire highway right-of-way, if the attorney general directs the criminal district attorney to do so. That statute is not applicable, however, to the facts presented to us since the condemnation proceedings in question were filed by the county in the name of the state.

A county attorney may not contract to receive extra compensation from the county for performing a statutory duty. See V.T.C.S. art. 336; Attorney General Opinions JM-14 (1983); O-2610 (1940). The statutory duties of the criminal district attorney for Victoria County are prescribed by article 326k-59, section 3, V.T.C.S., which provides as follows:

> [it] shall be the duty of the Criminal District Attorney of Victoria County or his assistants as herein provided to be in attendance upon each term and all sessions of the district courts of Victoria County and all of the sessions and terms of the inferior courts of Victoria County held for the transaction of criminal business, and to exclusively represent the State of Texas in all criminal matters pending before said courts and to represent Victoria County in all matters pending before such courts and any other court where Victoria County has pending business of any kind, matter or interest, and in addition to the specified powers given and the duties imposed upon him by this Act all such powers, duties, and privileges within Victoria County as are by law now conferred, or which may hereafter be conferred upon the district and county attorneys in the various counties and judicial districts of this state. (Emphasis added).

It is well established that up to and including the award of special commissioners, a condemnation proceeding is an administrative and not a judicial proceeding. Lo-Vaca Gathering Co. v. Gardner, 566 S.W.2d 366, 368 (Tex. Civ. App. - San Antonio 1978, no writ). The court in Grant v. United Gas Pipeline Co., 457 S.W.2d 315, 319 (Tex. Civ. App. - Corpus Christi 1970, writ ref'd n.r.e.), held that

> it is well settled that the filing of the statement in condemnation, the appointment of the commissioners, the filing of the commissioners' award, and the filing of objections to the award of the commissioners in eminent domain proceedings are administrative, and not judicial proceedings. The jurisdiction of the court, as a court, does not attach until the objections to the

> commissioners' award are submitted to and
> determined by the court as a judicial tribunal.

Another court of civil appeals stated that "an eminent domain proceeding does not become a civil case pending in a court until a party to the proceedings has filed his objections to the commissioners' award." Lemmon v. Giles, 342 S.W.2d 56, 59 (Tex. Civ. App. - Dallas 1960, writ dism'd). Until the filing of objections by a dissatisfied party, condemnation proceedings are only administrative proceedings in which the judge acts as an administrative agent, not as a judge of a court performing judicial duties in a pending lawsuit. Henderson v. Texas Turnpike Authority, 308 S.W.2d 199, 201 (Tex. Civ. App. - Dallas 1957, writ ref'd). See also Pearson v. State, 315 S.W.2d 935 (Tex. 1958).

While the criminal district attorney for Victoria County has a statutory duty prescribed by article 326k-59 to represent Victoria County in all matters pending before the courts where the county has "pending business of any kind, matter, or interest," we believe that the legal services for which the criminal district attorney was paid constitute administrative proceedings and not judicial proceedings, and were not matters pending before the courts. Accordingly, we conclude that the criminal district attorney was not performing a statutory duty when he performed the services described to us and that it was not improper for the commissioners court to contract with him for such services in his capacity as a private attorney.

We note, however, that effective September 1, 1983, the criminal district attorney in Victoria County became a "district attorney" within the meaning of the Professional Prosecutors Act, which provides that a district attorney governed by the act may not engage in the private practice of law. V.T.C.S. art. 332b-4, §2, §5(a).

You also raise a question of the propriety of services being rendered "on county time." We recently concluded in Attorney General Opinion JM-22 (1983) that public officers are not required to observe specified working hours. The compensation attaching to a public office is incident to the title to the office and not to the performance of any particular duties. Uhr v. Brown, 191 S.W. 379, 383 (Tex. Civ. App. - San Antonio 1916, no writ); Presidio County v. Walker, 69 S.W. 97, 99 (Tex. Civ. App. - 1902, writ ref'd). Of course, all district and county attorneys may be removed from office for incompetency or official misconduct, which includes the "wilful or corrupt failure, refusal or neglect of an officer to perform a duty enjoined on him by law." V.T.C.S. art. 5973; see V.T.C.S. arts. 5970-5972; art. 332d.

## S U M M A R Y

It was not improper for the commissioners court of Victoria County to contract with and compensate the criminal district attorney for legal services in certain condemnation matters that were performed in his capacity as a private attorney.

Very truly yours

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton