**JOLEEWU, LTD., Plaintiff–Appellant,**

v.

**CITY OF AUSTIN, Defendant–Appellee.**

**No. 90–8149.**

United States Court of Appeals, Fifth Circuit.

Nov. 1, 1990.

Robert D. Lybrand, Dallas, Tex., for plaintiff-appellant.

Susan Lefler, Austin, Tex., for defendant-appellee.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Plaintiff-appellant Joleewu, Ltd. sued the City of Austin in the district court of Travis County, Texas, seeking damages for inverse condemnation, fraud, breach of contract, and promissory estoppel. The City removed the case to federal court and moved for dismissal of all claims under Fed.R.Civ.P. 12(b)(6). The United States District Court for the Western District of Texas granted the motion and dismissed Joleewu's complaint. We reverse and remand the dismissal of Joleewu's inverse condemnation claim but otherwise affirm the judgment of the district court. The treacherous trial tactics employed by the City have, as we explain later, disserved its sovereign responsibility to one of its citizens and to our courts.

## I.

## FACTS AND PROCEEDINGS BELOW

Because this case was dismissed on the pleadings, we recite the facts as they appear in Joleewu's complaint. In April 1987, the City of Austin sought to obtain an easement over a portion of Joleewu's Bel–Air Mobile Home Park in order to construct roadway, drainage, and utility improvements. While the City was negotiating with Joleewu over the price to be paid for the easement, the City notified the 14 tenants living on the property that it would soon either purchase or condemn the land under their mobile home units. By November, all of those tenants had abandoned their lots, most having relocated with the assistance of the City. Joleewu cooperated in the relocation, allegedly relying on the City's representations that it needed the easement immediately and that it would commence condemnation proceedings without delay. When, nearly four months later, the City had neither reached an agreement with Joleewu nor initiated any formal proceedings to condemn the property, Joleewu filed suit against the City in the district court of Travis County, Texas. Joleewu's "inverse condemnation suit" alleged that the City had taken its property without just compensation in violation of article I, section 17 of the Texas Constitution.

While Joleewu's lawsuit languished in state court, the City at last commenced formal proceedings to condemn the subject property on July 28, 1988. Pursuant to Texas procedure, three special commissioners were appointed to determine the fair market value of the property taken. The commissioners took testimony about the property's value at a hearing in November 1988 and later that month awarded Joleewu $169,000 for the easement taken. Neither party filed objections to the award, and it became final in January 1989. In July 1989, Joleewu amended its state court complaint to add a claim for inverse condemnation under the Just Compensation Clause of the United States Constitution. The company sought $24,640 in damages for lost rental income from the 14 mobile home spaces, plus attorneys' fees. The federal constitutional question allowed the City to remove the case to federal district court. Removal paved the way for the Rule 12(b)(6) dismissal challenged by Joleewu.

## II.

## INVERSE CONDEMNATION CLAIM

The district court denied the City's motion to dismiss Joleewu's inverse condemnation damage claim based on lack of evidence to prove a taking, but it granted the motion on the theory that the claim was barred by res judicata. The court held that Joleewu could have, or should have, asserted the claim in the condemnation proceeding, notwithstanding the City's representations to the special commissioners that the parties would try the claim in the instant

lawsuit. Although res judicata would normally bar Joleewu's claim, the City is equitably estopped to assert that defense.

### A. Res Judicata

■ Under full faith and credit principles, every court within the United States, federal and state, must give the same effect to the judgment of a state court as would the courts of that state. *See* 28 U.S.C. § 1738; *Parsons Steel, Inc. v. First Ala. Bank,* 474 U.S. 518, 523, 106 S.Ct. 768, 771, 88 L.Ed.2d 877 (1986). Therefore, we look to the law of Texas to determine the preclusive effect of the commissioners' award in condemnation. The Texas Supreme Court has adopted the following formulation of res judicata: "the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Texas Water Rights Comm'n v. Crow Iron Works,* 582 S.W.2d 768, 771–72 (Tex.1979); *see also Gracia v. RC Cola–7–Up Bottling Co.,* 667 S.W.2d 517, 519 (Tex.1984).[1]

The parties agree that Joleewu could have litigated its inverse condemnation claim in the proceeding before the special commissioners, because that claim arose out of the same subject matter as the City's condemnation of Joleewu's property.[2] Because the claim for pre-condemnation damages "might have been litigated" in the condemnation proceeding before the commissioners, the City could normally raise the defense of res judicata in subsequent actions. In this case, however, the City's conduct in litigation precludes it from invoking res judicata.

### B. Equitable Estoppel

■ Under Texas law, one party may be estopped to assert a legal position against another if that position is inconsistent with a previous one: "Where one takes one position in a judicial proceeding, he cannot later take a plainly inconsistent position in another proceeding." *Washburn v. Associated Indem. Corp.,* 721 S.W.2d 928, 933 (Tex. Ct.App.1986), *writ refused,* 735 S.W.2d 243 (Tex.1987); *see also Moore v. Means,* 549 S.W.2d 417, 419 (Tex.Civ.App.1977) (same).[3] Although proceedings before the special commissioners in condemnation are technically "administrative" rather than "judicial," *see Lo–Vaca Gathering Co. v. Gardner,* 566 S.W.2d 366, 368 (Tex.Civ.App. 1978), we conclude that representations made to the special commissioners may become the basis of a "prior inconsistent judicial position" as that term is used in *Washburn.*

The *Washburn* court grappled with an equitable estoppel issue in the context of a workers' compensation proceeding before the Industrial Accident Board followed by a suit in state district court. The claimants

---

**1.** *Joleewu attempts to forestall the application of res judicata altogether by pointing out that the City's condemnation action was commenced subsequent to Joleewu's inverse condemnation action. Joleewu cites no case explicitly declining to apply res judicata in such a situation, and we assume that Texas courts would follow the general rule that "a judgment, otherwise entitled to res judicata effect in a pending action, [is not] to be deprived of such effect by the fact that the action in which it was rendered was commenced later than the pending action." Restatement (Second) of Judgments § 14 comment a (1982); see also Gresham Park Community Org. v. Howell,* 652 F.2d 1227, 1241 (5th Cir. Unit B Aug. 1981).

**2.** *See Glade v. Dietert,* 156 Tex. 382, 388, 295 S.W.2d 642, 646 (1956) (plaintiffs could recover "in the county court, in the case now pending on appeal from the award of the commission-ers, ... all damages to which they may be entitled, including the diminishment of the land value caused by the [pre-condemnation trespass]"); *Alexander v. City of San Antonio,* 468 S.W.2d 797, 798 (Tex.1971) (*Glade* held that "damages flowing from a prior trespass on land could be recovered in a suit to condemn the land on which the trespass occurred"); *see also Stewart v. City of Austin,* 744 S.W.2d 682, 685 (Tex.Ct.App.1988) (claim that city lacked authority to condemn was barred by res judicata once commissioners' award became final judgment).

**3.** Equitable estoppel by inconsistent positions in judicial proceedings is distinguished from the doctrine of "judicial estoppel." The latter does not require reliance and injury, but it must be based upon a statement made under oath. *See Long v. Knox,* 155 Tex. 581, 585, 291 S.W.2d 292, 295 (1956); *Washburn,* 721 S.W.2d at 931–32.

argued that the insurance carrier had taken inconsistent positions in the two different fora. The appellate court found the position asserted before Board to be a "prior inconsistent judicial position." The court reasoned: "The function of the board is quasi-judicial; its award is entitled to the same faith and credit as the judgment of a court; and it is not subject to judicial attack." 721 S.W.2d at 932 (citing *Moore*, 549 S.W.2d at 418). In these respects, the special commissioners are similar to the Board. The commissioners' award, if not set aside on direct appeal, is entitled to the same faith and credit as the judgment of a court. *See* Tex.Prop.Code Ann. § 21.061 (Vernon 1984) ("If no party in a condemnation proceeding files timely objections to the findings of the special commissioners, the judge ... shall adopt the commissioners' findings as the judgment of the court...."). Moreover, as detailed in the margin, both bodies have similar procedural powers, and parties may "appeal" to the courts from the decisions of both bodies.[4]

On the record, the City has taken inconsistent judicial positions. At the hearing to ascertain damages for the City's condemnation of easements across Joleewu's mobile home park, one of the special commissioners inquired about the events occurring before the formal initiation of condemnation proceedings. Counsel for the City interrupted this inquiry:

> At this time I want to admonish the commissioners not to consider, prior to the date of taking, losses by reason of these trailers [being] moved. There is another lawsuit pending....

> . . . . .

So consequently, I am asking you-all not to consider that, *because that is going to be taken care of by negotiations or by trial in that particular lawsuit.*

R. 168–69 (emphasis added). The City specifically represented to the special commissioners that the parties would not be contesting pre-condemnation damages before their tribunal and that the award of the commissioners consequently would not include such damages. In terms of res judicata, the City essentially represented to the court that it would not assert the defense in the other lawsuit between the parties. Yet that is precisely what the City has done.

■ Equitable estoppel bars the taking of inconsistent positions in judicial proceedings only if two other elements—reliance and injury of the opposing party—are also established. *Washburn*, 721 S.W.2d at 932. Injury is clearly present: if the City is not estopped to claim that Joleewu's inverse condemnation claim is barred by res judicata, Joleewu will lose the opportunity to recover the $24,640 in pre-condemnation damages it allegedly suffered at the hand of the City.

Reliance is also established on this record. When the City explained to the special commissioners that the parties would settle those damage issues or litigate them in another forum, counsel for Joleewu concurred: "And I am in agreement with [the Assistant City Attorney]." The district court, in dismissing Joleewu's claim, made much of the fact that Joleewu "failed to object at the hearing or timely file objections to the award." These fail-

---

4. *Compare id.* § 21.014(c) (Vernon 1984) ("Special commissioners may compel the attendance of witnesses and the production of testimony, administer oaths, and punish for contempt in the same manner as a [District Court].") *and id.* § 21.018(a) ("A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court ... on or before the first Monday following the 20th day after the [findings are filed].") *with* Tex.Rev.Civ.Stat.Ann. art. 8307, § 4(c) (Vernon Supp.1990) ("The Board or any member thereof shall have the power to subpoena witnesses, administer oaths, ... [and] punish for contempt

in the same manner and to the same extent as a District Court may do.") *and id.* art. 8307, § 5 ("Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall ... within twenty (20) days after giving [notice] bring suit ... to set aside said final ruling and decision.").

We note the commissioners also have been painted with the label "quasi-judicial," even if obliquely. *See Texas Elec. Serv. Co. v. Campbell*, 328 S.W.2d 208, 213 (Tex.Civ.App.1959) (referring to commissioners "sitting ... in a quasi-judicial capacity as officers of the court"), *rev'd on other grounds*, 161 Tex. 77, 336 S.W.2d 742 (1960).

ures to object are not even surprising, let alone culpable. Joleewu did not object at the hearing because it relied on the City's apparent good faith in representing that those damage issues would be litigated in the instant lawsuit; Joleewu did not file objections to the award because it believed, relying on the City's representations, that it would have the opportunity to recover the disputed damages in the instant lawsuit.

▪ Only one barrier might prevent applying equitable estoppel to the City's res judicata defense—the doctrine that "estoppel does not [as a rule] apply against a unit of government in the exercise of public or governmental functions." *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 640 (Tex.Ct.App.1985) (citing *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 835 (Tex.1970)). This doctrine has a well-established exception, however: "a municipal or quasi-municipal corporation may be estopped, where justice, honesty, and fair dealing require it." *Id.* (citing cases). Justice, honesty, and fair dealing require estoppel in this case. By its representations, the City induced Joleewu not to present evidence of pre-condemnation damages and induced the commissioners not to award such damages. Whether intentionally or negligently, the City then abandoned these representations in an attempt to take advantage of Joleewu in federal court. As we suggested at oral argument, this borders on sanctionable conduct; it certainly bears no resemblance to fair dealing.

The City has asserted—in a manner devoid of justice, honesty, and fair dealing—inconsistent judicial positions. Joleewu relied on the prior position to its injury. Therefore, the City is equitably estopped to raise the defense of res judicata to Joleewu's inverse condemnation claim for damages. The judgment dismissing this claim is reversed, and the claim is remanded for trial.

5. The Texas Tort Claims Act, which waives municipal immunity for injuries arising from the operation or use of motor vehicles and from the condition or use of tangible personal or real

## III.

## OTHER CLAIMS

The district court also dismissed Joleewu's state-law claims for fraud in a real estate transaction, breach of contract, and promissory estoppel. Because these claims are barred by the doctrine of governmental immunity under Texas law, we affirm the dismissal.

### A. Fraud in a Real Estate Transaction

▪ Joleewu alleged that the City is liable under Tex.Bus. & Com.Code Ann. § 27.01 (Vernon 1987) for damages arising from "fraud in a real estate transaction," because it falsely represented that if Joleewu would relocate its mobile home tenants, the City would initiate condemnation proceedings without delay. Even if, as Joleewu asserts, the City of Austin is a "person" within the meaning of that statute, the City is immune from liability for fraud in this case. The rule of municipal immunity in Texas distinguishes between proprietary and governmental functions:

> A city is liable for torts committed by its employees when the city is performing a proprietary function. On the other hand, a city is immune from liability for torts committed by its employees when the city is performing a governmental function unless the state by statute has waived immunity.

*City of Round Rock v. Smith*, 687 S.W.2d 300, 302 (Tex.1985).[5] By judicial interpretation and more recently by statute, the acquisition of land for a public purpose is a governmental function. *See Leeco Oil & Gas Co. v. Nueces County*, 736 S.W.2d 629, 630 (Tex.1987); Tex.Civ.Prac. & Rem.Code Ann. § 101.0215(a)(3), (9), (22), (32) (Vernon 1986). The City's allegedly fraudulent actions arose from the acquisition of Joleewu's land for public improvements. Thus, the City is immune from liability for fraud.

property, obviously does not apply here. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986).

## B. Breach of Contract

■ Joleewu also asserts a breach of contract claim against the City for the same representations. The City is immune to this claim, however, for "a contract in derogation of the municipality's governmental function is unenforceable." *City of Farmers Branch v. City of Addison,* 694 S.W.2d 94, 95 (Tex.Ct.App.1985). If the acquisition of land for a public purpose is a governmental function, so is the decision about the timing of the acquisition. A contract restricting a city's freedom in choosing *when* to acquire property is thus a contract in derogation of that function. *See also Clear Lake City Water Auth. v. Clear Lake Utils. Co.,* 549 S.W.2d 385, 391 (Tex.1977) (municipal authority "could not, by contract or otherwise, bind itself in such a way as to restrict [the] free exercise of [its] governmental powers"); *Cibolo Creek Mun. Auth. v. City of Universal City,* 568 S.W.2d 699, 702 (Tex.Civ.App.1978) ("municipal entity cannot ... legally enter into any contract which will embarrass or control its legislative powers or duties"). Any contract between the City and Joleewu that purported to dictate when the City must initiate condemnation proceedings is unenforceable. The district court properly dismissed Joleewu's claim.

## C. Promissory Estoppel

Joleewu finally seeks damages for these very same actions of the City under a theory of promissory estoppel. Because Joleewu abandoned this theory at oral argument, we affirm the dismissal of this claim.

## IV.

## CONCLUSION

For the foregoing reasons, the judgment of the district court dismissing Joleewu's complaint is reversed and remanded as to the inverse condemnation claim and affirmed as to all other claims.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.