**JOLEEWU, LTD., Plaintiff–Appellant,**

v.

**CITY OF AUSTIN, Defendant–Appellee.**

**No. 90–8149.**

United States Court of Appeals,
Fifth Circuit.

June 13, 1991.

Rehearing Denied July 24, 1991.

Robert D. Lybrand, Dallas, Tex., for plaintiff-appellant.

Susan Lefler, Austin, Tex., for defendant-appellee.

ON PETITION FOR REHEARING

(Opinion November 11, 1990, 5th Cir. 916 F.2d 250)

Before JONES, DUHÉ and WEINER, Circuit Judges.

PER CURIAM:

IT IS ORDERED that appellant's motion for leave to file a petition for rehearing out of time is granted to the extent herewith explained.

Joleewu, Ltd., asks us to reconsider that portion of our prior opinion which affirmed

the dismissal of its claim against the City of Austin founded on Tex.Bus.Comm.Code § 27.01, covering fraud in real estate transactions. When the opinion was issued, no Texas cases had considered whether municipalities were immune from suit under this law, but a Texas court of appeals decision rendered shortly afterward suggested that immunity may not be a defense. *Kerrville HRH, Inc. v. City of Kerrville,* 803 S.W.2d 377, 382–83 (Tex.Ct.App.1990). Because we already have decided to remand this case, and our decision on sovereign immunity now appears open to question under Texas law, we VACATE that portion of our earlier opinion construing § 27.01 and RE-MAND that issue for further consideration by the trial court. Our prior ruling and judgment are otherwise unchanged.