United States Court of Appeals,

Fifth Circuit.

No. 92-7243.

In the Matter of Joseph A. HANSLER, Debtor.

Joseph A. HANSLER, Appellee,

v.

Tony MAINKA, and AM Vending Company, Appellants.

April 14, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, JOLLY, and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Tony Mainka and AM Vending Company appeal the district court's judgment awarding damages to Joseph A. Hansler for unpaid rent Mainka owed under an equipment lease agreement. Mainka argues that the district court erred in several respects, including the court's failure to give res judicata effect to an earlier state court judgment. We conclude that res judicata bars Hansler's suit, and thus we do not reach Mainka's other arguments.

I.

Hansler, the sole shareholder of Automated Services, Inc., entered into an agreement to lease vending equipment to Mainka and his company, ATM Corporation, doing business as AM Vending (collectively, "Mainka"). The lease agreement provided that Mainka would pay rent in installments equal to the amount of Hansler's debt payments to creditors holding liens on the leased equipment. The lease also required Mainka to return the leased equipment to Hansler upon default or termination of the lease.

In 1985, Hansler entered Chapter 11 bankruptcy. A year later, Mainka sold his business to the local Coca-Cola distributor, American Vending Company ("American").[1] Concerned about his

_____

[1]The parties dispute whether (and to what extent) Hansler's equipment was included in the sale to American.

equipment and about unpaid rent on the lease, Hansler brought an adversary proceeding against Mainka and American in the bankruptcy court in order to collect past due rent.[2] That action is the subject of this appeal.[3]

The bankruptcy court held a one-day trial on Hansler's unpaid rent claim in July, 1987. On June 8, 1988, the bankruptcy court issued its findings that Mainka owed Hansler $124,800. plus interest for past due rent. Because the bankruptcy court had "related to" jurisdiction over this non-core proceeding under 28 U.S.C. §§ 157(c)(1) and 1334(b), the bankruptcy court's decision was not a final judgment. The bankruptcy court did not file its Report and Recommendation for Judgment with the district court until 1990, and on October 23, 1991, the district court adopted the bankruptcy court's recommendation and entered judgment for Hansler.

Meanwhile, in August, 1988, Hansler filed a Texas state court action alleging that Mainka converted the leased vending equipment by delivering it to American. The Texas court conducted a bench trial and issued a take-nothing judgment in favor of Mainka on April 4, 1990. The state court held that Hansler's claim was barred by limitations, that the lease was actually a security agreement subject to the provisions of the Texas Business and Commerce Code, and that Hansler had failed to introduce credible evidence of the value of the equipment. A Texas appeals court affirmed the judgment on the limitations issue. *Hansler v. Mainka,* 807 S.W.2d 3 (Tex.Ct.App.1991).

Mainka now appeals the federal district court's October 23, 1991 judgment. Mainka argues that the district court erred in adopting the recommendations of the bankruptcy court, because (1) the April 4, 1990 state court judgment in Mainka's favor is res judicata to Hansler's federal unpaid rent action; (2) the agreement between Hansler and Mainka was actually a security arrangement, not a lease, and thus was subject to the requirements of Article 9 of the Texas Business and Commerce Code; (3) the bankruptcy court violated Bankruptcy Rule 9017 and Federal Rule of Civil Procedure

---

[2]Hansler later non-suited American and its principal, William Snyder. Thus, only Mainka and AM Vending remain as defendants.

[3]Hansler also brought an earlier adversary proceeding against Mainka and American, which resulted in a temporary injunction ordering American to return Hansler's equipment and vending locations.

43 by considering evidence from a separate adversary proceeding;  (4) the district court erred in granting Hansler a judgment in his individual capacity, as opposed to his capacity as representative of the bankruptcy estate;  and (5) Hansler was equitably estopped from bringing this suit, because Hansler failed to list the machines "leased" to Mainka as assets of the estate.  We find the res judicata issue dispositive.

## II.

We first consider whether the Texas state court's take-nothing judgment in Hansler's conversion action precludes Hansler's action in the bankruptcy court for past-due rent.  This court must give the Texas state court judgment the same preclusive effect that another Texas court would give it. *Hogue v. Royse City,* 939 F.2d 1249, 1252 (5th Cir.1991).  Under Texas law, an existing final judgment on the merits bars "the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992).

Hansler first contends that the earlier Texas judgment was based solely on the expiration of the limitations period and thus was not on the merits for purposes of res judicata.  Unfortunately for Hansler, however, a take-nothing judgment based on limitations is a final judgment on the merits under Texas law. *Partee v. Phelps,* 840 S.W.2d 512, 515 (Tex.Ct.App.1992) (judgment for defendants based on limitations "is conclusive and binding on the parties and is regarded as a final determination of the question of ... liability").  See also Restatement (Second) of Judgments § 19 cmt. f (1982).  Thus, the Texas court's take-nothing judgment based on limitations precludes a later suit on the same claim.

Hansler next argues that his two lawsuits involve separate causes of action and, therefore, the Texas judgment did not preclude his federal rent suit.  We disagree.  Texas has adopted the transactional approach to res judicata advocated by the Restatement of Judgments, which "provides that a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr,* 837 S.W.2d at 631 (citing Restatement (Second) of Judgments § 24(1)).  The Texas Supreme Court has noted:

A determination of what constitutes the subject matter of a suit necessarily requires an examination of the factual basis of the claim or claims in the prior litigation. It requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action. Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit.

*Barr,* 837 S.W.2d at 630. Thus, under Texas law, "alternative theories of recovery for the same "claim' may not be brought in different lawsuits." *Id.* at 629.

Clearly, Hansler's rent and conversion claims arise out of the same transaction. The "gist" of both of Hansler's complaints is that Mainka breached the equipment lease by failing to pay rent and by refusing to return the equipment upon Mainka's default. Hansler could have asserted his rent claim in the Texas court, or his conversion claim in the bankruptcy court. What Hansler could not do was split his claim between two courts and two theories of recovery in order to shop for a favorable outcome. The Restatement offers a factually similar example of impermissible claim-splitting:

A lends goods to B on the understanding that B will return them in good condition. Upon B's failure to return A's goods to him, A might conceivably have rights against B upon alternative theories of negligent loss of the goods, breach of a contractual duty to return the goods, or wrongful conversion of the goods, depending upon the precise facts proved or varying emphasis put on the facts, and A's relief might be for the return of the goods or for money damages.... The transaction is single....

Restatement (Second) of Judgments § 24 cmt. c, illus. 3. Hansler's two claims could have been, and should have been, litigated together.

Finally, at oral argument, Hansler contended that the Texas judgment did not preclude the federal suit, because Hansler filed the federal action first. Essentially, Hansler suggests that the first suit to be filed, rather than the earliest judgment, controls the operation of res judicata. We find no support for Hansler's position and substantial authority to the contrary. The first judgment, regardless of when the suits were filed, is given preclusive effect. *Hogue,* 939 F.2d at 1255; *Mower v. Boyer,* 811 S.W.2d 560, 563 n. 2 (Tex.1991); Restatement (Second) of Judgments § 14 cmt. a.

We therefore conclude that the Texas judgment bars Hansler's adversary proceeding against Mainka for breach of the lease agreement. We do not reach Mainka's other arguments.

For the reasons stated above, the judgment of the district court is reversed and a take nothing judgment is rendered in favor of Mainka.

REVERSED and RENDERED.