**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 99-11010

_____


DEBORAH ELLIS,

                              Plaintiff-Appellant,

versus


AMEX LIFE INS. CO., ET AL,


                              Defendants,


LIFE INSURANCE COMPANY
OF NORTH AMERICA,


                              Defendant-Appellee.



Appeal from the United States District Court
for the Northern District of Texas


May 18, 2000

Before EMILIO M. GARZA, DeMOSS, and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Deborah Ellis ("Ellis") appeals from the summary judgment granted to Life Insurance Company of North America ("Life"). The district court found that Ellis' action was barred by res judicata, based on the prior dismissal as time-barred of another suit filed by Ellis against Life. We

affirm.

Ellis claimed that she was improperly denied accidental death benefits due under her mother's insurance policy with Life. Ellis filed the instant suit against Life in Henderson County, Texas state court in 1992. The case was removed to the Eastern District of Texas. In December 1992, the case was stayed. In May 1997, Ellis filed a separate suit with similar allegations in Dallas County, Texas state court. This case was removed to the Northern District of Texas. In July 1997, Life moved for summary judgment in the Northern District lawsuit, alleging that it was barred by the applicable statute of limitations. In February 1998, Life's motion was granted and the suit dismissed with prejudice.

Meanwhile, in September 1997 Ellis moved to lift the stay on the Eastern District suit. After the dismissal of the Northern District suit, the Eastern District suit was transferred to the Northern District. Subsequently, Life moved for summary judgment in the Eastern District suit. The district court granted summary judgment on the ground that the Eastern District suit was barred by res judicata, in light of the dismissal of the Northern District suit. Ellis appeals.

The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules. *See Agilectric Power Partners, Ltd. v. General Electric, Co.*, 20 F.3d 663, 664 (5th Cir. 1994); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045 (5th Cir. 1989). Res judicata is appropriate if: 1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits. *See United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

The first and second elements of res judicata are not disputed. Ellis first argues that the

dismissal of the Northern District suit as time-barred was not a decision on the merits for res judicata purposes. We have rejected this claim. *See Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 561 (5th Cir. 1983) (en banc) (holding, in res judicata context, that "[d]ismissals for want of jurisdiction are not decisions on the merits, while those on limitations are"); *Thompson*, 870 F.2d at 1045-46 (stating that *Nilsen* "enunciated an unequivocal standard with respect to the res judicata effect which shall be given to a judgment dismissing a cause of action under limitations grounds," and therefore holding that under federal res judicata rules, a Louisiana federal district court's dismissal on prescriptive grounds was a final judgment on the merits), *reh'g denied*, 880 F.2d 818, 819 (5th Cir. 1989) ("Our holding today merely stands for the proposition that a dismissal on statute of limitations grounds in federal co urt (Louisiana) is a final adjudication on the merits."). The dismissal of the Northern District suit was, under Fifth Circuit law, a decision on the merits.

Second, Ellis claims that res judicata is inapplicable because the Eastern District suit was brought prior to the Northern District suit. We have not been presented with this argument in applying federal res judicata law. However, we have twice been presented with it in cases dealing with the res judicata effect of a prior Texas state court judgment on a pending federal case. *See Hogue v. Royse City, Texas*, 939 F.2d 1249, 1252 (5th Cir. 1991); *In re Hansler*, 988 F.2d 35, 38 (5th Cir. 1993). In *Hogue*, plaintiff filed state and federal lawsuits in Texas simultaneously. *See Hogue*, 939 F.2d at 1252. Summary judgment was awarded in the state court suit. *See id.* In determining the res judicata effect of the state court judgment, we were required to give that judgment the preclusive effect it would be given under Texas law. *See id.* We rejected Hogue's argument that filing suits simultaneously warranted different treatment from filing them successively. *See id.* at 1255. Noting that Texas courts had not addressed the issue, we stated that Texas courts likely would

-3-

follow the Restatement (Second) of Judgments §14, which stated: "'Nor is a judgment, otherwise entitled to res judicata effect in a pending action, to be deprived of such effect by the fact that the action in which it was rendered was commenced later than the pending action. . . . Thus when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action ... regardless of which action was first brought.'" *Id*. at 1255 (quoting from Restatement (Second) of Judgments § 14, comment a (1982)). Because "a later-filed claim can be preclusive of an earlier-filed claim," Hogue's federal claim was barred by res judicata. *Id.*

We relied on *Hogue* in *Hansler*, which also dealt with the preclusive effect of a Texas state court judgment. *See Hansler*, 988 F.2d at 37. Hansler argued that, because his federal action was filed first, the Texas judgment against him could not have res judicata effect. *See id.* at 38. We noted that "[w]e find no support for Hansler's position and substantial authority to the contrary" and held that "[t]he first judgment, regardless of when the suits are filed, is given preclusive effect." *Id.* (citing *Hogue* and the Restatement (Second) of Judgments § 14, comment a).

While *Hogue* and *Hansler* required us to predict Texas res judicata law, there is no reason to believe that the Restatement rule would not also apply to a federal court judgment. Notably, in an earlier case, we were required to predict Texas law with regard to whether a judgment could have res judicata effect as to a prior-filed suit. *See Joleewu, Ltd. v. City of Austin,* 916 F.2d 250, 252 n.1 (5th Cir. 1990)*, vacated in part on other grounds,* 934 F.2d 621 (5th Cir. 1991). Noting that there were no cases declining to apply res judicata in this situation, "we assume[d] that Texas courts would follow the general rule" set forth in Restatement (Second) of Judgments § 14. *Id.* Cases from other circuits confirm that the Restatement rule is the majority rule. *See, e.g., United States v. Northrup*,

147 F.3d 905, 909 (9ᵗʰ Cir. 1998) ("The date of rendition of the judgment is controlling for purposes of res judicata, not the dates of commencement of the action creating the bar or the action to be affected by the bar.") (citing Restatement (Second) of Judgments § 14 (1980)); *Unger v. Consolidated Foods Corp.*, 693 F.2d 703, 705 (7ᵗʰ Cir. 1982) ("As between two actions pending at the same time, the first of two judgments has preclusive effect on the second.") (citing, as to res judicata, Restatement (Second) of Judgments § 14). Ellis has presented no case law to support her contrary argument. Therefore, we conclude that res judicata is applicable to the Eastern District lawsuit even though it was commenced prior to the Northern District suit.

Finally, Ellis does not appear to renew on appeal her argument that the fourth element of res judicata—identity of causes of action—is absent here. Even if this argument is preserved, it is without merit. The district court correctly noted that we apply a "transactional" test in determining whether two suits involve the same claim, where the "critical issue" is "whether the plaintiff bases the two actions on the same nucleus of operative facts." *See Agilectric,* 20 F.3d at 665 (internal citation omitted).[1] As the district court found, both suits by Adams arose out of the same transaction: Life's denial of benefits under Adams' mother's insurance policy after her death. Therefore, the district court correctly found that the fourth res judicata requirement was met.

We therefore hold that the district court did not err in finding that the dismissal of the Northern District suit should have res judicata effect as to the Eastern District suit. The grant of summary judgment to Life is AFFIRMED.

---

[1] As the district court noted, res judicata bars all claims that were brought *or* could have been brought based on the operative factual nucleus. *See Nilsen*, 701 F.2d at 560; *Agilectric*, 20 F.3d at 665.