# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

---

No. 01-30258

(Summary Calendar)

---

KIRK SPENCER,

Plaintiff - Appellant,

versus

BURL CAIN; FRAN FOSTER; MARY COCKERHAM;
RICHARD L. STALDER,

Defendants - Appellees.

---

Appeal from the United States District Court
For the Middle District of Louisiana
00-CV-65

---

August 24 ,2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Kirk Spencer ("Spencer"), a Louisiana state prisoner, appeals the summary judgment dismissal

---

    [*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

of his 42 U.S.C. § 1983 claim against Warden N. Burl Cain, Fran Foster, Mary Cockerham, and Richard Stalder (collectively, the "Appellees"). We affirm.

Spencer, while in prison, changed his name to Abdullah Muhammad. He wanted the prison to issue a new identification card and to change the master prison record to reflect his new Muslim name. The prison refused to comply with Spencer's requests, but it noted in the prison records that Spencer's alias was Abdullah Muhammad.

Spencer filed his first § 1983 suit against the Appellees in the Middle District of Louisiana, alleging, among other things, that the state had violated his right to equal protection of the laws. On summary judgment, the district court dismissed the suit, ruling that the state could decline to recognize a name change because prisons have a legitimate interest in prison security and efficiency. We affirmed the dismissal.

He filed a second § 1983 suit, again claiming that the prison's refusal to recognize his Muslim name violated his right to equal protection of the laws. In his complaint, he stated that another prisoner, Percy Bartley ("Bartley"), had received a new identification card and had the master prison record changed to reflect his new Muslim name. The district court dismissed the suit on summary judgment, ruling, *inter alia*, that it was barred by res judicata. Spencer now appeals from the dismissal. We review a granting of summary judgement de novo. *See Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000).

We hold that the district court correctly dismissed the Spencer's claim as barred by res judicata. A prior federal court judgment has a preclusive effect on a new action if: (1) the parties to both actions are identical; (2) a court of competent jurisdiction issued the decision in the first case; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of

action is involved in both suits.  *See Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

All the requirements of res judicata have been met in this case.  First, the parties in both § 1983 suits are identical.  Second, it is not disputed that the federal court in the Middle District of Louisiana had jurisdiction.  Third, the first action was dismissed on summary judgment, and thus concluded with a final judgment on the merits.  Finally, both § 1983 cases involve identical equal protection claims.

Spencer seems to argue that res judicata does not apply because an intervening event has created significant factual differences between his first and second § 1983 actions.  *See Wilson v. Lynaugh*, 878 F.2d 846, 851 (5th Cir. 1989) (noting that new facts can constitute a new cause of action if the new facts are significant and create new legal conditions).  Specifically, Spencer points out that Bartley had his name change recognized.  This argument lacks merit.  Bartley and Spencer are not similarly situated for purposes of the equal protection clause, because Bartley, unlike Spencer, received a state court decision compelling the state to recognize his name change.  *See Dudley v. Angel*, 209 F.3d 460, 463 (5th Cir. 2000) (stating that the equal protection clause requires similarly situated persons to be treated alike).

AFFIRMED.