IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20080
Summary Calendar
_____

EDMUND B. HEIMLICH,

                                        Plaintiff-Appellant,

versus

JOHNNY HOLMES, Individually,
and as District Attorney for Harris
County; CHARLES ROSENTHAL,
Individually, and as Assistant District
Attorney for Harris County, Texas;
MILTON OJEMAN, HARRIS COUNTY, TEXAS,
c/o Harris County District Attorney;
the STATE OF TEXAS, c/o Secretary of
State; RICARDO MOLINA, Individually,
and as Assistant District Attorney
for Harris County, Texas,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-866
--------------------
October 17, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Edmund B. Heimlich is appealing the district court's order

granting the defendants' motion for summary judgment and

dismissing his civil rights complaint based on res judicata.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The State of Texas argues that Heimlich failed to state in his notice of appeal that he was appealing the district court's order granting the State's motion to dismiss and, thus, this court has no jurisdiction to review that order.

Heimlich's notice of appeal indicated that he was appealing from the order granting the defendants' motion for summary judgment, which was entered subsequent to the order granting the State's motion to dismiss.  It did not reference the separate order dismissing the State of Texas.  Further, Heimlich makes no other statements that indicate that he intends to appeal the order granting the State's motion.  Thus, this court lacks jurisdiction to address the district court's dismissal of the State of Texas from the proceeding.  See Fed. R. App. P. 3(c)(1)(B); Ingraham v. United States, 808 F.2d 1075, 1080 (5th Cir. 1987).

Heimlich argues that the district court abused its discretion in allowing the defendants to raise a res judicata offense in an amended answer.  The district court did not abuse its discretion in granting the defendants' motion to amend their answer to raise the defense of res judicata.  Heimlich was allowed to respond to the defense, and the interest of justice was served by allowing the parties to assert that they had previously successfully defended against the same claims.  See Simi Inv. Co. Inc. v. Harris County, Tex., 236 F.3d 240, 252 n.16 (5th Cir. 2000).

Heimlich further argues that the district court erred in granting the defendants' motion for summary judgment and

dismissing his civil rights complaints based on res judicata. Heimlich argues that the judgment in his prior civil rights action is void because the district court did not have jurisdiction to address the immunity defenses of the defendants in that case. He further argues that his instant complaint involves a different cause of action than his prior complaint because it alleges the new fact that his state criminal conviction has been reversed by the state appellate court, an event that occurred after the dismissal of his prior complaint.

Heimlich has not shown that the district court erred in determining that his instant complaint is barred by the doctrine of res judicata. "Res judicata is appropriate if: 1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits." Ellis v. Amex Life Ins. Co., 211 F.3d 935, 936 (5th Cir. 2000).

Heimlich does not dispute that both his prior and instant civil rights complaints alleged violations of his constitutional rights in connection with his prosecution for theft by the Harris County District Attorney's Office. He has not demonstrated that the mere reversal of his criminal conviction gave rise to a new legal cause of action nor has he shown that the reversal had any significant effect on the district court's determination in his prior suit that the defendants were immune from liability. See Wilson v. Lynaugh, 878 F.2d 848, 851 (5th Cir. 1989).

Heimlich has not challenged on appeal the district court's determination that the claims against all of the defendants named in the instant case, including those who were not named in his prior complaint, are barred by res judicata. Thus, he has abandoned any such claim on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Heimlich's remaining claims are new claims and arguments that he failed to make in the district court. Arguments made for the first time on appeal are subject to review for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Heimlich's new claims or arguments are additional challenges to the district court's determination that Heimlich's claims against the defendants were resolved by his prior civil rights litigation. Because Heimlich's new arguments are all frivolous, he has not shown that the district court plainly erred in dismissing his complaint based on res judicata.

AFFIRMED.