**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-30920
Summary Calendar

JEAN VALETTE BERTHELOT,

Plaintiff-Appellant,

versus

UNITED STATES PREVENTIVE SERVICES
TASK FORCE; NATIONAL CANCER INSTITUTE;
UNITED STATES PUBLIC HEALTH SERVICE;
DEPARTMENT HEALTH AND HUMAN SERVICES;
OFFICE OF DISEASE PREVENTION AND
HEALTH PROMOTION; OFFICE OF PUBLIC
HEALTH AND SCIENCE,

Defendants-Appellees.

-----------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-1854-K
-----------------------------------------------------------
February 4, 2002

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Jean Valette Berthelot appeals the district court's dismissal of her civil complaint. The district court relied in part upon *res judicata* to dismiss Berthelot's current lawsuit. An action is barred by the doctrine of *res judicata* if (1) the parties are identical or in privity with each other in both actions; (2) the first judgment was rendered by a court of competent jurisdiction; (3) the prior case ended with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. Ellis v. Amex Life Ins. Co., 211 F.3d 935, 936 (5th Cir. 2000). "Cause of action" is defined to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

include all claims that were or could have been brought in a prior action based on the same transaction.  See Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 560 (5th Cir. 1983)(en banc).

Berthelot had previously filed a federal lawsuit against the same defendants named here, alleging claims under the Racketeer Influenced and Corrupt Organizations Act (RICO).  These claims arose from the defendants' publication of purportedly illegal and contradictory guidelines for ordering mammograms.  The lawsuit was dismissed because it was barred by the applicable limitations period.  The current lawsuit, against the same defendants, challenges the defendants' continued publication of the purportedly illegal guidelines and requests declaratory and injunctive relief, along with monetary damages.

On appeal, Berthelot asserts that the two cases do not involve the same claim or cause of action because the first lawsuit challenged the 1993 actions of the defendants, whereas the current lawsuit involves the 2001 continued publication of improper guidelines.  This assertion is frivolous.  The two federal lawsuits clearly arise out of a common nucleus of facts, and the current action is barred by *res judicata*.  As Berthelot has not raised a meritorious issue on appeal, the appeal is frivolous and is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  Berthelot's motion to expedite the appeal is DENIED AS MOOT.

APPEAL DISMISSED; MOTION TO EXPEDITE DENIED AS MOOT.