IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31412
Summary Calendar

_____

VOYD B. BURGER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-2357-T
--------------------
July 26, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Voyd B. Burger, proceeding pro se, appeals from the district court's grant of summary judgment to the United States based on res judicata and from the district court's imposition of sanctions. Burger first argues that the district court failed to give him ten days' notice that it was treating the Government's motion to dismiss as a motion for summary judgment and that the Government's motion failed to comply with the local district

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court rules.  Although the Government's motion was labeled
"Motion to Dismiss," it clearly sought dismissal based on FED.
R. CIV. P. 56, and we conclude that the notice provisions of Rules
12(b) and 56 were not violated.  See Washington v. Allstate Ins.
Co., 901 F.2d 1281, 1284 (5th Cir. 1990).  We also conclude that
there is no error with respect to the district court's
application of the local rules, which we review for plain error
because Burger did not raise the issue in the district court.
Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1428 (5th
Cir. 1996)(en banc); United States v. Calverley, 37 F.3d 160,
162-64 (5th Cir. 1994)(en banc).

Burger next argues that the Government waived the
affirmative defense of res judicata by not raising it in its
answer to the complaint.  We conclude that the Government raised
res judicata at a pragmatically sufficient time and that Burger
was not prejudiced in his ability to respond.  See Lafreniere
Park Foundation v. Broussard, 221 F.3d 804, 808 (5th Cir. 2000).
We also conclude, contrary to Burger's argument, that all the
elements of res judicata were satisfied.  See Ellis v. Amex Life
Ins. Co., 211 F.3d 935, 936 (5th Cir. 2000).  To the extent that
Burger argues that his suit in Burger IV did not result in a
decision on the merits because it was dismissed based on statute
of limitations grounds, Burger's argument fails.  See Ellis, 211
F.3d at 937; Steve D. Thompson Trucking, Inc. v. Dorsey Trailers,
Inc., 870 F.2d 1044, 1045 (5th Cir. 1989).

Burger further argues that the district court erred in imposing sanctions against him because he does not have the ability to pay and the award was excessive.  We conclude that the district court did not abuse its discretion in imposing sanctions.  See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 872 (5th Cir. 1988)(en banc).

AFFIRMED.