**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 01-50979

---

MARGARET MILLER,

Plaintiff - Appellant,

versus

UNITED STATES POSTAL SERVICE,

Defendant - Appellee.

---

Appeal from the United States District Court
for the Western District of Texas, Waco Division

---

(W-01-CA-004)

August 19, 2002

Before JOLLY, DUHÉ, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Based on our review of the record, the district court's September 4, 2001 order, and the arguments of counsel, we find that a prior action between the same parties, *Miller v. United States Postal Service*, No. W-99-CA-223 (W.D. Tex. Mar. 14, 2000), has res

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

judicata effect as to the Appellant's current lawsuit. Accordingly, we AFFIRM.

The district court correctly recognized that a subsequent suit is barred by principles of res judicata if: "1) the parties to both actions are identical . . . ; 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). Appellant does not dispute the presence of the first and second elements.

Appellant contends, however, that the district court incorrectly applied a res judicata bar to this lawsuit because *Miller I* did not conclude with a final judgment on the merits. But the record reveals otherwise. In *Miller I*, the district court granted the Postal Service's Motion to Dismiss, or in the Alternative, for Summary Judgment and entered a take-nothing judgment on Ms. Miller's claims. Because the district court concluded that Ms. Miller failed to state a claim on which relief could be granted, the dismissal operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). We acknowledge that the district court granted the alternative motion for summary judgment on the basis of non-exhaustion of administrative remedies and admit that the *Miller I* order and judgment could have been clearer. But the district court did not indicate that it was dismissing the

action for lack of subject matter jurisdiction.  Consequently, to prevent the *Miller I* judgment from obtaining preclusive effect, Ms. Miller should have pursued an appeal from that judgment.[1]  Because she did not, we must conclude that the third res judicata element is satisfied.

Finally, although Appellant suggests that this action and *Miller I* presented the district court with "distinct fact issues," both asserted that the Postal Service has violated section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, by failing to make the Mexia, Texas, post office fully accessible to persons with disabilities.  Thus, the fourth element is also present.

Because the district court correctly determined that *Miller I* bars the present action, we AFFIRM its order granting summary judgment to the Postal Service.

**AFFIRMED.**

---

[1]Indeed, Ms. Miller timely filed a notice of appeal from the judgment, but later moved to dismiss the appeal.