IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-20437

Summary Calendar

---

PHILLIP D. BENKERT,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas
U.S.D.C. No. H-01-CV-3988

---

September 3, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Phillip Benkert appeals the district court's grant of summary judgment in favor of the Texas Department of Criminal Justice ("TDCJ"). Benkert brought suit alleging an unlawful retaliation and constructive discharge by the TDCJ, his employer. For the reasons stated below, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1996, while employed by the TDCJ, Benkert filed a written report of unlawful employment violations committed by his supervisor. Benkert alleges that a pattern of unlawful retaliation resulted, including failure to promote, forced work on extended shifts, and denial of his request for a leave of absence. As a result of the alleged hostile work environment, Benkert alleges that he was forced to seek medical attention and eventually took a medical leave of absence in August 1998. Following a proper filing with the Equal Employment Opportunity Commission ("EEOC"), Benkert brought an employment discrimination suit against the TDCJ in federal district court in December 1998, alleging unlawful retaliation. While this first suit was pending, Benkert asserts that he attempted to arrange to return to work for the TDCJ under "suitable working conditions". According to Benkert, when it became clear that the TDCJ would not remedy the unlawful employment violations, he resigned from his position with the TDCJ in June 2000. In January 2001, the first suit was dismissed with prejudice on Benkert's motion.

In April of 2001, more than 2 years after taking medical leave, but less than 300 days after he resigned, plaintiff filed a second EEOC complaint. After receiving proper notice from the EEOC, Benkert, acting *pro se*, filed the present suit on November 15, 2001. The complaint alleges unlawful retaliation and constructive discharge by the TDCJ based on the events described above. The district court granted the TDCJ's motion for summary judgment, concluding that

Benkert's claims were barred based on *res judicata* and statute of limitations, and we agree.

We review the district court's grant of summary judgment *de novo*.[1] Appellant's claims based on retaliation prior to his taking medical leave are barred under *res judicata*.[2] Benkert makes vague allegations that, subsequent to his taking medical leave, the TDCJ would do nothing to remedy the alleged unlawful employment violations. He therefore asserts that the constructive discharge occurred when he resigned, and is within 300 days of filing the EEOC complaint. These allegations are not sufficient to raise a genuine issue of material fact.[3] We conclude, as did the district court, that any claim of constructive discharge accrued when he left the TDCJ on leave and did not return, not when he formally resigned.[4] The events leading to any constructive discharge occurred prior to his taking medical leave, more than two years before his filing the second complaint with the EEOC. Therefore, even if a claim of constructive discharge is not barred by *res judicata*, it is barred because it was

---

[1] *Hanks v. Transcon. Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992).

[2] *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

[3] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[4] *Hunt v. Rapides Healthcare Sys., LLC.*, 277 F.3d 757, 771 (5th Cir. 2001).

not timely filed with the EEOC.[5]  The judgment of the district court is therefore AFFIRMED.

---

[5] *See* 42 U.S.C. § 2000e-5(e) (1994); *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).