United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-30306
Summary Calendar

JOHN HENRY BROSSETTE,

Plaintiff-Appellant,

versus

CITY OF BAKER; BAKER CITY COUNCIL;
BOBBY SIMPSON,

Defendants-Appellees.

Appeals from the United States District Court for
the Middle District of Louisiana
(USDC No. 01-CV-513)

Before REAVLEY, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The judgment is affirmed for the following reasons:

1.  We agree with the district court that res judicata barred Appellant Brossette's

claims relating to the erection of the barrier on Anton Street.  Claims relating to the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

barrier were litigated to final judgment in an earlier state court action. We give the prior state court judgment the preclusive effect that Louisiana courts would give it. Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937 (5th Cir. 2000). Louisiana law extends the preclusive effect of the prior judgment to "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the [prior] litigation . . . ." La. Rev. Stat. Ann. § 13:4231 (West 1991).

2. Insofar as Brossette complains that Ordinance 2000-16 violated the federal constitutional prohibition against ex post facto laws, this argument fails because the Ex Post Facto Clause only applies to criminal legislation. Pac. Mut. Life Ins. Co. V. First RepublicBank Corp., 997 F.2d 39, 45 (5th Cir. 1993).

3. The district court did not err in granting summary judgment as to those malicious prosecution claims relating to violations of the animal odor ordinance to which Brossette had pleaded guilty, because he could not establish the essential element of termination of the prior proceeding in his favor. As to the claim relating to the charge for failing to keep livestock fenced, the district court granted summary judgment on this claim because Brossette failed to offer evidence on the required element of probable cause. Brossette makes no coherent argument that the district court erred in its understanding of Louisiana law or in its conclusion that summary judgment evidence was lacking on essential elements of these claims.

4. Brossette does not persuade us that the district court reversibly erred in excluding documentary evidence and testimony. Insofar as Brossette relies on state

evidence law in his brief, he fails to recognize that the proceedings were governed by the Federal Rules of Evidence. See Fed. R. Evid. 101. Insofar as Brossette complains about the exclusion of evidence relating to damages, the error if any in excluding this evidence was harmless, where, as here, the district court properly granted judgment as a matter of law on other grounds. See Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1220 (5th Cir. 1995) (stating that evidentiary rulings are reversible error only if complaining party demonstrates substantial prejudice). Other than referring to excluded evidence of damages, Brossette makes no effort to explain the substance of the excluded evidence or the prejudice he suffered from the exclusion. [A]ppellate courts should reverse on the basis of erroneous evidentiary rulings only if a party's substantial rights are affected. Moreover, the party asserting error based on erroneous rulings bears the burden of proving that the error was harmful." Carroll v. Morgan, 17 F.3d 787, 790 (5th Cir. 1994) (citation omitted).

5. Insofar as Brossette argues that Ordinance 2000-16 was unconstitutional under a substantive due process theory, we agree with the district court that judgment as a matter of law was warranted on this claim. Brossette did not prove that the ordinance was directed solely at him, and evidence to the contrary was presented at trial. He did not offer sufficient evidence for a reasonable jury to find that the ordinance lacked any rational basis.

6. The district court did not err in granting judgment as a matter of law on the remaining claims of malicious prosecution, equal protection violations, and conspiracy

3

that proceeded to trial. The remaining malicious prosecution claim related to a charge of violation of the animal odor ordinance. At trial defendants established probable cause for bringing this charge. On the equal protection claims, Brossette failed to offer sufficient evidence for a reasonable jury to find that he was singled out for disparate treatment on account of his race or that similarly situated individuals had received different treatment by defendants. Because he established no violation of his civil rights, there was no basis for a reasonable jury to find a conspiracy to violate his civil rights.

7. Brossette argues that the district court erred in awarding costs and attorney's fees. The district court has broad discretion in taxing costs, and we will reverse only upon a clear showing of abuse of discretion. Alberti v. Klevenhagen, 46 F.3d 1347, 1358 (5th Cir. 1995). Brossette offers no persuasive argument as to why the district court erred in awarding costs to defendants.

8. As to attorney's fees, in a civil rights case the district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." 42 U.S.C. § 1988. We find no abuse of discretion in the award of fees. We have held that a prevailing defendant is entitled to attorney's fees under § 1988 "only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless." Meyers v. City of West Monroe, 211 F.3d 289, 292 (5th Cir. 2000) (internal quotation marks omitted). The district court carefully analyzed the request of fees and found that while some of the claims were not frivolous, the ex post facto, equal protection, and conspiracy claims were frivolous and that fees should be awarded for the defense of these claims. We cannot say that the

4

district court abused its discretion in this regard.  In particular, we note that while managing to avoid summary judgment on the equal protection claims, Brossette completely failed at trial to demonstrate any racial animus on the part of defendants or any other cognizable basis for asserting an equal protection violation.

AFFIRMED.