

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2007

# Osiris Entr v. Whitehhall

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5331

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Osiris Entr v. Whitehhall" (2007). *2007 Decisions.* Paper 1003.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1003

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5331
_____

OSIRIS ENTERPRISES
and ANTONIO F. MOSCATIELLO,

Appellants

v.

BOROUGH OF WHITEHALL;
HAROLD L. BERKOBEN, individually and
as official of the Borough of Whitehall;
KATHLEEN N. DEPUY, individually and
as official of the Borough of Whitehall;
PHILIP J. LAHR, individually and
as official of the Borough of Whitehall;
ROBERT J. MCKOWN, individually and
as official of the Borough of Whitehall;
GLENN P. NAGY, individually and
as official of the Borough of Whitehall;
ANDREW SAKMAR, individually and
as official of the Borough of Whitehall;
ADAM J. BARONE, individually and
as official of the Borough of Whitehall;
JAMES F. NOWALK, individually
and as official of the Borough of Whitehall;
LINDA J. BOOK, individually and
as an official of the Borough of Whitehall;
JAHN A. WOTUS, individually and
as official of the Borough of Whitehall;
THOMAS OZEMO, individually and
as an official of the Borough of Whitehall;
JAMES R. DUFFY, individually and
as official of the Borough of Whitehall;
JAMES E. LEVENTRY, individually and
as official of the Borough of Whitehall;

MARILYN F. MOORE, individually and
as official of the Borough of Whitehall

—————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cv-01103)
District Judge:  Honorable William L. Standish

—————————

Submitted Under Third Circuit LAR 34.1(a)
May 15, 2007

Before:  FISHER, NYGAARD and ROTH, *Circuit Judges*.

(Filed: June 6, 2007)
—————————

OPINION OF THE COURT
—————————

FISHER, *Circuit Judge*.

Osiris Enterprises ("Osiris") and Antonio F. Moscatiello ("Moscatiello")

(collectively "Appellants")[1] appeal the District Court's grant of summary judgment in

favor of the Borough of Whitehall ("Borough"), and Harold L. Berkoben, Kathleen N.

DePuy, Philip J. Lahr, Robert J. McKown, Glenn P. Nagy, Andrew Sakmar, Adam J.

Barone, James F. Nowalk, Kinda J. Book, Jahn A. Wotus, Thomas Ozemo, James R.

Duffy, James E. Leventry and Marilyn E. Moore, in their individual capacities

—————————

[1]Moscatiello is the owner of Osiris.

2

(collectively "Appellees").[2]  The Appellants claim that the District Court erred by applying the doctrine of res judicata.  For the reasons that follow, we will affirm the District Court's judgment.

## I.

We write only for the parties and thus will forgo a lengthy recitation of the factual and legal background to this case.  In May 2001, the Borough sought bids for a construction project – the Oakridge Drive Project.  According to the terms of the notice issued by the Borough, all bidders were required to be PennDOT pre-qualified.  Although another company submitted a lower bid, it was not pre-qualified, making Osiris the lowest, qualified bidder.

In August 2001, the Borough Council extended the deadline for making bids in order to enable the other company to be pre-qualified and receive the construction project.  At the same meeting, the Council voted unanimously to bar Osiris from bidding on future Borough projects because it deemed Osiris a non-responsible bidder.  Osiris performed a construction project for the Borough in 1993, and in 1995 a dispute arose concerning that performance.  The Borough brought a lawsuit against Osiris, and the matter was

---

[2]The Appellants sued all of the individually named defendants in both their individual and official capacities.  The District Court dismissed the claims against the individual defendants in their official capacities.  The Appellants do not appeal that dismissal.  Nor do the Appellants appeal the District Court's dismissal of the claims against Ruthann Omer and Thomas Hudzema.

eventually settled. Although there was no determination of fault, it was this dispute that led the Borough to designate Osiris as a non-responsible bidder.

Numerous lawsuits have been filed regarding the Borough's designation of Osiris as a non-responsible bidder. However, for purposes of our analysis, we only need to discuss two of those cases. In June 2002, the Appellants filed this suit in the District Court against the Borough and various individuals in their official and individual capacities. The Appellants made claims under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and various state law claims, including breach of contract and false light claims. The claims were based on the Borough's designation of Osiris as a non-responsible bidder.

In July 2003, the Appellants brought suit in the Court of Common Pleas of Allegheny County against the same defendants. The complaint included allegations regarding Osiris's designation as a non-responsible bidder and the contract awarded on the Oakridge Drive Project. Additionally, the Appellants alleged facts regarding three other construction projects that the Borough did not award to Osiris after its designation of Osiris as a non-responsible bidder. These claims arose after the Appellants filed suit in the District Court. The claims included interference with contractual relations, interference with prospective economic advantage, and defamation.

The Court of Common Pleas sustained various preliminary objections made by the defendants and dismissed with prejudice all of the remaining counts against all of the remaining defendants. *Osiris Enters. v. Borough of Whitehall*, No. GD-03-012928, 2004

4

WL 5049973 (Pa. Com. Pl. May 27, 2004). The court determined that the remaining

defendants were entitled to high public official immunity. The Appellants appealed the

court's decision, and the court filed an opinion explaining its decision. *Osiris Enters. v.*

*Borough of Whitehall*, No. GD-03-012928, 2004 WL 5050296 (Pa. Com. Pl. Sept. 21,

2004).

The Commonwealth Court of Pennsylvania affirmed the trial court's opinion in

April 2004. *Osiris Enters. v. Borough of Whitehall*, 877 A.2d 560, 569 (Pa. Commw. Ct.

2005). The Pennsylvania Supreme Court denied the Appellants' petition for allowance of

appeal. *Osiris Enters. v. Borough of Whitehall*, 897 A.2d 459 (Pa. 2006).

After the Commonwealth Court affirmed the trial court's opinion, but before the

Pennsylvania Supreme Court denied the petition, the District Court decided the parties'

cross-motions for summary judgment.[3] The District Court held that the Appellees were

entitled to summary judgment because the claims were barred by the doctrine of res

judicata. *Osiris Enters. v. Borough of Whitehall*, 398 F. Supp. 2d 400, 409-10 (W.D. Pa.

2005). The District Court explained that the two cases involved identical parties, arose

out of the same factual allegations, sought the same damages, and that all of the claims

asserted in the federal court case could have been brought in the state court case. *Id.*

This timely appeal followed.

---

[3]As noted above, the District Court previously dismissed the Appellants' § 1983 claims against the individual defendants in their official capacities. It also dismissed without prejudice the RICO claims. The only remaining claim was the § 1983 claim against the Borough and the individual defendants in their individual capacities.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's order granting summary judgment *de novo*. *See Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). We apply the same standard employed by a district court, and view the facts in the light most favorable to the non-moving party. *See Moore v. City of Philadelphia*, 461 F.3d 331, 340 (3d Cir. 2006).

III.

The Appellants claim that the District Court erred by holding that the claims were barred by res judicata. A federal court must give full faith and credit to a final state-court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). In deciding whether the doctrine of res judicata applies, we look to state law to decide what effect to give state-court judgments. *See Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006).

The Supreme Court of Pennsylvania has explained that res judicata:

"bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any further suit between the parties or their privies on the same cause of action. *Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.*"

*Id.* (quoting *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995)) (emphasis in *Turner*). Pennsylvania requires that the two actions possess four similarities for res judicata to apply: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons

6

and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner*, 499 F.3d at 548 (internal quotation marks and citation omitted).

It is clear that there was a final decision on the merits. *See*, *e.g.*, *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996). Additionally, the four conditions for res judicata exist in this case. In both actions, the thing sued upon is the same – the Appellants seek damages for the effects of the Borough's designation of Osiris as a non-responsible bidder. Under the second factor, this action shares the same cause of action as the previously adjudicated state claims. The applicability of res judicata is not based on the specific legal theories asserted, rather res judicata

> generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims. . . . [I]n determining whether a single cause of action is present one may consider the identity of the acts complained of, the demand for recovery, the identity of the witnesses, documents, and facts alleged.

*Id.* The underlying events are identical in both cases. The Borough voted to bar Osiris from bidding on future Borough construction projects. Both cases involve the same acts, witnesses, documents, and facts. The fact that different, and additional claims, were raised in the state court case does not affect the applicability of res judicata. As discussed above, res judicata applies not only to litigated claims, but also to claims that could have been litigated. Because the Appellants could have raised all of their claims, including the RICO and § 1983 claims, in state court, the doctrine of res judicata applies and bars those claims. *See*, *e.g.*, *Felder v. Casey*, 487 U.S. 131, 139 (1988) (stating that state courts have

7

concurrent jurisdiction over § 1983 actions); *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) (holding that state courts have concurrent jurisdiction over civil RICO claims).

As for the identity of the parties, the parties in both cases are identical.[4]  Finally, the parties all could sue and be sued in both state and federal court.  Therefore, all four conditions are met.  Additionally, the fact that the federal court case was filed before the state court case does not impact the application of res judicata.  As the District Court explained, the relevant date for purposes of res judicata is the date of final judgment.  *See, e.g.*, Restatement (Second) of Judgments § 14; *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937-38 (5th Cir. 2000) (holding that a later-filed claim may bar an earlier-filed claim).  Because the state court case was decided before the present case, res judicata applies and the Appellants' claims are barred.[5]

IV.

For the reasons stated above, we will affirm the District Court's judgment.[6]

---

[4]The fact that some of the Appellees were dismissed from the state court case does not change the result.  They were a party to both cases, and there was a final judgment on the merits as to the claims against them.

[5]Because we find that res judicata applies, it is unnecessary for us to address the additional arguments raised by the parties.

[6]We deny the Appellees' Motion to Strike the Appellants' Appendix for failure to comply with Federal Rule of Appellate Procedure 30(a), and we grant the Appellees' Motion to File a Supplemental Appendix.  As the cost of preparing an adequate appendix is usually borne by the appellant, *see* Fed. R. App. 30(b), we will order that the Appellants reimburse the Appellees for the cost of preparing the Supplemental Appendix.  We also grant the Appellants' counsel's Motion to Withdraw.