# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2021

Lyle W. Cayce
Clerk

No. 20-10412
Summary Calendar

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Marsha McLane, *TCCO Executive Director*; Michael Searcy,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-95

Before Southwick, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:*

Lonnie Kade Welsh was adjudged to be a sexually violent predator
("SVP") and was committed to the Texas Civil Commitment Center
("TCCC") for inpatient treatment. He appeals the dismissal of a civil rights

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

action, removed from state court, in which he asserted constitutional violations and other wrongs arising from his commitment.

The district court ruled that most of Welsh's claims were barred by *res judicata* because they concerned the same transactions or events that were addressed in prior litigation. *See Welsh v. Correct Care Recovery Sols.*, No. 5:18-CV-20 (N.D. Tex. Apr. 24, 2019) (unpublished dismissal order), *affirmed in part, vacated in part by Welsh v. Correct Care Recovery Sols.*, 845 F. App'x 311, 314-25 (5th Cir. 2021), *petition for cert. filed* (U.S. June 7, 2021) (No. 21-5471). There is no merit to Welsh's contention that the decision in the earlier action has no preclusive effect because it was *filed* after (although *adjudicated* before) the instant action. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500 (5th Cir. 2004); *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 (5th Cir. 2000). *Res judicata* applies all the same. *See Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288-89 (5th Cir. 1989).

Welsh fails to brief adequately any challenge to the district court's ruling that he did not state a claim of "deliberate indifference" as needed to establish supervisory liability. He has thus abandoned those challenges. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Zadeh v. Robinson*, 928 F.3d 457, 473 (5th Cir. 2019) (stating the deliberate indifference standard). Similarly, Welsh's assertions of unconstitutional customs or policies at the TCCC were properly dismissed as overbroad, conclusional, vague, and asking the court to go beyond its constitutionally-defined role in order to manage day-to-day operations at the TCCC. *See Kansas v. Hendricks*, 521 U.S. 346, 368 n.4 (1997) (deferring to the state's "wide latitude" in managing civil confinements); *Brown v. Taylor*, 911 F.3d 235, 243 (5th Cir. 2018) (same); *cf. Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (rejecting conclusional arguments).

No. 20-10412

Further, the district court properly rejected Welsh's constitutional challenge to the Texas SVP regime set forth in Chapter 841 of the Texas Health & Safety Code. Welsh does not show that the Texas SVP regime is significantly different than the Kansas regime that the Supreme Court held to be constitutional in *Hendricks*. *See Hendricks*, 521 U.S. at 354-71; *see also Brown*, 911 F.3d at 240-433 (rejecting constitutional challenges to discrete aspects of Texas SVP confinement); *cf. In re Commitment of Fisher*, 164 S.W.3d 637, 655–56 (Tex. 2005) (rejecting challenges to the Texas SVP regime based on vagueness and due process).

Finally, the district court did not abuse its discretion by dismissing the action without allowing Welsh to file what would have been a third amended federal complaint. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). In addition, the district court twice warned Welsh that he would face sanctions for filing frivolous motions and other pleadings, of which he filed several. We likewise warn Welsh that frivolous filings will result in the imposition of sanctions, including monetary sanctions and limits on his access to this court or any court subject to this court's jurisdiction.

JUDGMENT AFFIRMED; SANCTION WARNING ISSUED.