# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-30065
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2025

Lyle W. Cayce
Clerk

Eric L. Ellis,

*Plaintiff—Appellant*,

*versus*

Corey Pinckley; Centurion Auto Recovery; Capital One Auto Finance; John Doe, *Unknown Bossier City Police Officer*; Lorenza Dewayne Levy, Jr.; Fisher Ray Nixon,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CV-345

————————————————————

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:*

Eric L. Ellis, a pro se nonprisoner plaintiff, appeals the dismissal of a civil suit, removed from state court, in which he asserted various constitutional violations and other wrongs. Ellis's claims arise from the repossession of his truck after he defaulted on the payments.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30065

The district court ruled that Ellis's claims against Lorenza Dewayne Levy, Jr., and Fisher Ray Nixon were barred by res judicata because they concerned the same event, i.e., the repossession of Ellis's truck, that was addressed in prior litigation. There is no merit to Ellis's contention that the decision in the earlier action has no preclusive effect because it was filed after (although adjudicated before) the instant action. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500 (5th Cir. 2004); *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 (5th Cir. 2000).

Ellis asserts that the district court erred by granting Corey Pinckley and Centurion Auto Recovery's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). As the appellant, Ellis is responsible for supporting his appellate issues with pertinent transcripts of proceedings in the district court, and he has failed to do so. *See* Fed. R. App. P. 10(b)(1)(A), (2); *Richardson v. Henry*, 902 F.2d 414, 415–16 (5th Cir. 1990). His unsupported appellate issues are subject to dismissal. *See Richardson*, 902 F.2d at 416.

Next, Ellis challenges the district court's dismissal of his breach of contract claim against Capital One Auto Finance for failure to state a claim. Ellis's conclusory allegations, which were completely devoid of any factual support for his claim against Capital One, were insufficient to state a claim for breach of contract against that entity. *See Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015); *see also Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017).

Finally, Ellis raises a litany of arguments and assertions that are not germane to the issues on appeal or are inadequately briefed. Thus, they are not addressed here. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 25-30065

Accordingly, the judgement of the district court is AFFIRMED in part, and the appeal is DISMISSED in part. Ellis's motion for summary disposition is DENIED.